# STRAWBRIDGE v. SPANN.

1. Where a witness upon a preliminary examination disavows all interest in the result of the cause, and the facts disclosed by him are consistent with such disavowal, it is the duty of the Court to permit his testimony to go to the jury.
2. It is competent to inquire whether an account against a party was not

charged to him by his directions, and whether it is correct, and it is allowable for the witness to answer that it was copied from the defendant's books, and believed to be correct.

3. Where a witness testifies as to work and labor done, and money received, for which the plaintiff is seeking to recover, it is competent to inquire whether other work had been done, or money received. Such a question, though it directs the attention of the witness that he may state the facts fully, cannot be said to be *leading*.

4. Where evidence is admitted which is merely unnecessary, but cannot prejudice the opposite party, or mislead the jury, it furnishes no cause for the reversal of the judgment.

5. Where the acts of the agent bind the principal, his representations and declarations respecting the subject matter, will also bind him, if made at the same time, and constitute part of the *res gestœ;* but *Quere?* Is it competent to establish the fact of agency by the declarations of the supposed agent.

6. Where a witness denied that in a certain transaction which was drawn in question, he acted as the plaintiff's agent, it was held competent to prove, in order to impair the effect of his testimony, that he had made contradictory statements upon other occasions.

7. Where a party is permitted to give incompetent testimony to support an account, and afterwards becoming satisfied that the evidence is insufficient or inadmissible, withdraws the account, the error in admitting the assistant proof is cured.

Writ of Error to the County Court of Dallas.

This was an action of *assumpsit* at the suit of the defendant in error, for goods wares and merchandize, sold and delivered, and upon an account stated, &c. The cause was tried upon issues on the pleas of *non-assumpsit,* set off, payment, and fraud ; a verdict was returned for the plaintiff and judgment rendered accordingly. On the trial the defendant excepted to the ruling of the Court. It is shown by the bill of exceptions that the plaintiff offered to read to the jury the deposition of Jesse Israel, that the defendant objected to its admission on the ground of the witnesses interest, and being overruled in this, he then objected to several of the interrogatories and answers thereto ; all of which objections were overruled. The witness testified that he hauled with the plaintiff's team for the defendant, and that defendant received money from other persons for hauling done with the same team by the witness. After declaring that he had no interest in

the event of the suit, the witness stated that he worked for the plaintiff, without any special contract at the time he entered into an agreement with the defendant.

Witness stated that he acted as the plaintiff's agent in driving his team, and was then asked whether an account produced was not made up of items charged to the defendant by his directions, and if so, whether it was not correct ; to which he answered that the account, or the greater part of it, was taken from the defendant's books, and he believed the charges were correct. He further answered, that the team in his possession belonging to the plaintiff had hauled for several persons on the defendant's account, was permitted to answer for whom it next hauled, and what additional hauling was done by it: *Further*, he was permitted to state whether any money, and how much more of the earnings of the plaintiff's wagon were paid to the defendant beyond what the witness had previously mentioned. The facts stated in this paragraph, and the questions which elicited them, were objected to by the defendant.

Being cross-examined, the witness stated that he bought of the defendant a wagon and team at an agreed price of six hundred dollars, and afterwards sold him the same team and another wagon for four hundred dollars, leaving two hundred dollars due to him. Witness "traded for the wagon for the plaintiff," without being authorized by him to do so. He had a general authority to trade for the plaintiff as far as was necessary to keep up his wagon and team ; but stated that it was not necessary to purchase the wagon of the defendant "in order to keep up the team of the plaintiff."

Witness said Spann was not pleased with his purchase of the wagon when it was carried to his house, but some time afterwards claimed it, and has it in possession.

Upon the re-examination the witness was asked who drove " the wagon" he obtained from the defendant, and answered that the negro boy he hired of the defendant drove it the first trip, and that Mr. Newsom drove it afterwards. This question and answer were both objected to. Witness stated that the plaintiff's wagon was " a tolerably good one," when he took it from his, the plaintiff's house, but did not wear well, and broke down some three or four weeks afterwards, though previous to the purchase of the defendant. *Further*, he bought the wagon and team on

his own account, and in his own right, and was to pay for them when he earned the money by their employment. Witness told the defendant that he did not wish any of the money of the plaintiff to be applied to pay him, as he expected the latter wanted all the earnings of his own team.

The plaintiff had no interest in the earnings of the wagon and team which the witness purchased of the defendant, while the defendant drove the team. Witness's object in retaining the wagon he purchased of the defendant, when he sold the latter the team, was, that he might have a better one than the plaintiff furnished. The sale of the team, and plaintiff's wagon was made on the witness's responsibility, and upon his own account, to enable him to extinguish the greater part of the debt he had contracted with the defendant, and which he could not otherwise pay. He was bound to replace the wagon which he received of the plaintiff, and gave him in lieu thereof the one he purchased of the defendant. If any thing was due to the defendant for the wagon, witness owed it.

The defendant then introduced a witness, and asked him if he was present when Israel made the purchase of the wagon and team of the defendant, and the re-sale of the team and another wagon to the defendant, and whether Israel then represented himself as purchasing and selling upon his own account, or for the plaintiff. But the Court decided that the declarations made by Israel as to who was the purchaser, or on whose account the wagon was purchased, were inadmissible; and consequently refused to permit the witness to answer the question.

In the course of the examination of the plaintiff's witness, he was asked whether an account produced, and made out under his direction and inspection, was not correct; to which he answered that he could not say, but stated it was drawn off under his inspection. Thereupon the plaintiff proposed to withdraw it, leave was granted for that purpose; and thereupon defendant excepted.

R. L. DOWNMAN, for the plaintiff in error.—The account, to the correctness of which the plaintiff's witness testified, was not in the witness' hand-writing, and he should not have been allowed to refresh his memory by inspecting it; and though this account was afterwards withdrawn, the error was not thereby repaired.

[2 Phil. Ev. C & H's Notes, 757; 3 Id. 1239.] Besides this, the witness was incompetent from interest, because he was interested in the result of the suit.

The declarations of Israel, conceding that he was only the plaintiff's agent, were competent evidence to charge his principal. [1 Phil. Ev. 100, 101.]

C. G. EDWARDS, for the defendant in error.—The question is, whether the two hundred dollars which are due the defendant upon the sale and purchase of a wagon and team, is a debt chargeable upon the plaintiff, so as to make it a set-off in this action. The evidence shows that Israel made the several contracts with the defendant out of which the indebtedness arose, and that he alone is personally responsible. Witness denied that he acted in the business as the plaintiff's agent; without evidence tending to show such a connection, the declarations of Israel were properly excluded. These declarations standing alone and unassisted, proved nothing material—indeed, they were irrelevant. [1 Ala. Rep. N. S. 160.]

There is no just pretence for saying that Israel had an interest in the result of the cause, and that therefore his deposition should have been rejected. The witness denied it repeatedly, and the facts disclosed by him show that his denial is consistent with truth.

COLLIER, C. J.—The witness, both upon the preliminary examination, and throughout his entire deposition, disavowed all interest in the result of the suit; the facts disclosed by him do not contradict his disavowal; consequently, the decision of the Court, in favor of his competency, we think was correct.

It was clearly competent to inquire whether an account shown to the witness was not charged to the defendant by the directions of the latter, and if so, whether it was not correct. He may from memory, without reference to any written memoranda, have been prepared to vouch its correctness; and even have stated each distinct item without looking into the account. His answer was equally unexceptionable, viz: that the account was copied from the defendant's books, and that he believed it to be correct. The fact that the charges were made in the defendant's book of accounts, should be regarded as presumptive evidence of

Strawbridge v. Spann.

their justness as against him, and an expression of the witness' belief that this presumption was well founded, even if predicated of the premises, without any knowledge possessed by him, was certainly allowable; it could do no harm, as it was a mere affirmation of what was a legal inference, in the absence of opposing proof.

The additional question proposed, viz: whether any more, and what hauling was done by plaintiff's team, and whether any, and how much more of the earnings of it, were paid to the defendant than the witness had already stated, we think was unobjectionable. The facts sought to be elicited were *prima facie* admissible, and the question cannot be said to be leading. It does not affirm the existence of a fact, but merely directs the attention of the witness, that he may state the truth of the case fully, rather than suggest to him what answer he is desired to make. [Greenl. Ev. 481.]

We are at a loss to conceive how the defendant could be prejudiced by the witness stating who was the teamster. It may have been a fact that could not materially aid the deliberations of the jury upon the matters litigated; but it was at least harmless in the aspect in which the case is presented, and does not furnish a warrant for the reversal of the judgment.

It is laid down generally, that whatever an agent does in the lawful prosecution of the business intrusted to him by his principal, is the act of the latter. And " where the acts of the agent will bind the principal, there his representations, declarations, and admissions respecting the subject matter, will also bind him, if made at the same time, and constituting part of the *res gestae.*" [1 Story on Ag. 124 to 129.] But the admission or declaration of an agent binds only when it is made during the continuance of the agency, in regard to a transaction then depending, *et dum fervet opus.* It is because it is a verbal act, and part of the *res gestae,* that it is admissible at all. [Greenl. Ev. 125 to 134; 1 Phil. Ev. (ed. of 1839,) 99, 100, and the cases cited by these authors.] The fact of agency, it is said, must be first established, before the declarations of a supposed agent can be received. For this purpose the admissions of the principal are evidence against himself; or the fact may be proved directly by the agent. [2 Phil. Ev. C. & H's Notes, 188, 189.] In Langhorn v. Allnutt, 4 Taunt. Rep. 519, Gibbs, Justice, said, " When it is proved that

104

A. is agent of B., whatever A. does, or says, or writes, in the making of a contract as agent of B., is admissible in evidence, because it is part of the contract which he makes for B., and therefore binds B.; but it is not admissible as his account of what passes." In Johnson v. Ward, 6 Esp. Rep. 48, which was an action on a policy of insurance, the affidavit of a person, stating that he subscribed the policy on behalf of the defendant, (which affidavit the defendant himself had previously used, on a motion to put off the trial,) was, under the particular circumstances, properly admitted as proof of agency. The defendant having used the affidavit for such purpose, must be considered as having made and adopted its contents. But the single circumstance, that the affidavit purports to have been made by a person as agent, would not be sufficient proof of his being invested with that authority.

In Scott v. Crane, 1 Conn. Rep. 255, the question directly arose whether, and under what circumstances, the acts or declarations of an agent are admissible. The Court said, " it is clear that the doings or concessions of an agent, when acting for the principal, are binding on the principal; but to let in the proof of them, it is necessary that the agency should be first proved. The defendant having offered no proof of the agency, it was proper for the Court to refuse evidence of the acts done by him." To the same effect are Lessee of Plumsted, et al. v. Rudebagh, 1 Yeates' Rep. 502; Lessee of James v. Stookey, et al. 1 Wash. C. C. Rep. 330.

We have been thus particular in stating the law in respect to the admissibility of the declarations of an agent; but as it is unnecessary, we will not conclude ourselves by deciding that the fact of agency cannot be established by the acts or declarations of the agent; that question will be left for future adjudication.

The plaintiff's witness explicitly denied that in purchasing the wagon and team from the defendant, and in the sale made to him he acted as the plaintiff's agent. Now although his acts and declarations might not be admissible to prove the fact of agency, yet they are competent evidence to show that he had made contradictory statements, and thus impair or destroy the effect of his testimony upon this point.

It was certainly allowable for the plaintiff to withdraw the account which he offered, when he ascertained he could not estab-

lish it by satisfactory proof; and the account being withdrawn, the assistant proof was no longer before the jury; this was all we understand he proposed to do. But the refusal of the Court to permit the defendant to prove what the plaintiff's witness said as to his agency, is an error; and for this, the judgment is reversed, and the cause remanded.

# REPORTS

OF

## CASES ARGUED AND DETERMINED,

## JANUARY TERM, 1846.