# Winter v. The State.

## *Indictment for Selling or Giving Away Spirituous,*
*Vinous or Malt Liquors.*

(Decided February 13, 1902.)

1. *Charge to jury; how to be construed.*—The general charge of
   the court to the jury, given *ex mero motu,* is to be considered
   as a whole and each sentence read in the light of its con-
   text in construing and passing upon any particular part of it.

2. *Same; reversal for error in part of court's charge ex mero motu.*
   Where a portion of the court's general charge, standing by
   itself, might be construed into a meaning involving an un-
   sound statement of law unfavorable to defendant, but, when
   taken in connection with what precedes and follows it, the
   law is properly stated, no room is left for a construction by
   the jury of the particular part which would render it er-
   roneous or prejudicial.

3. *Selling liquor within five miles of church, under Acts 1896-7,* p
   *1152; when general charge for defendant not proper.*—On a
   trial under an indictment for selling or giving away spirituous

[Winter v. The State.]

liquors within five miles of a church, under Acts 1896-7, page 1152, the State's witness testified that in Cherokee county, within twelve months before the finding of the indictment, he went to defendant's house one morning for whiskey; found defendant on the front porch; spoke to defendant, but did not remember what he said; was told by defendant to go to the dining room, which he did; found there a pint bottle of whiskey, which he took, and laid a half-dollar on the table; that he then came out and passed the defendant without saying anything to him; that nothing was said about whiskey at any time while he was at defendant's house; that he did not know what became of the money he left on the table; that defendant's house was a half or three-quarters of a mile from a church. *Held*: That the general affirmative charge could not properly be given for defendant.

4. *Reasonable doubt; charge concerning.*—A charge is erroneous which requires an acquittal of defendant upon a doubt arising upon some part of the evidence, though such doubt had been entirely dissipated upon consideration of the whole evidence.

5. *Selling liquor contrary to law; reasonable doubt; charge concerning.*—On trial under an indictment for selling liquor contrary to law a charge is confusing and inapt which calls for an acquittal if the jury should have a reasonable doubt that there had *not* been a sale.

6. *Same; selling as agent of another.*—It is not necessary to a conviction, under an indictment charging the sale or giving away of liquors, contrary to the Act of 1896-7, page 1152, that the whiskey should have been defendant's property; he would be equally guilty if, when he sold it, he had control of it as agent or otherwise.

7. *Same; concurrence of all the jurors in the belief that there was either sale or gift.*—Under a statute directed against the disposition of spirituous liquors by sale or gift, it was not necessary to a conviction that all the jurors should concur in finding that the liquor was either sold or given away, or that anyone of the jurors should believe that defendant sold the liquor and did not give it away, or *vice versa.*

8. *Charge; giving undue prominence to part of the evidence.*—A charge which singles out a certain portion of the evidence and authorizes the jury to look to that, in connection with all the other evidence, as to defendant's guilt, gives undue prominence to such portion, and is properly refused.

9. *Charges; argumentative.*—Argumentative charges are properly refused.

3s

APPEAL from Cherokee Circuit Court.

Tried before Hon. J. A. BILBRO.

The appellant was tried and convicted under an indictment which charged that "Joe Winter did sell or give away spirituous, vinous or malt liquors within five miles of the Methodist church house located in the town of Center in Cherokee county, Alabama, against the peace and dignity of the State of Alabama."

W. N. Angle, a witness for the State, testified that in Cherokee county, and within twelve months before the finding of this indictment, he went to the house of the defendant one morning for whiskey; that on reaching the house he found the defendant lying on his front porch; that after speaking to the defendant he said something which he did not remember, the defendant told him to go into the dining-room; that he went into the dining-room and saw a pint bottle of whiskey in the corner; that there was no other whiskey in the dining-room that he saw; that he took the pint of whiskey and laid a half dollar on the table; that he then came out of the house and passed the defendant without saying anything to him; that nothing was said about whiskey at any time while witness was at the defendant's house; that he did not know what became of the money he left on the table in the dining-room, and that he had never gotten any whiskey from the defendant otherwise than as stated. This witness then testified that the defendant's house was a half or three-fourths of a mile from the Methodist church located at Centre, in Cherokee county, Alabama.

The State then offered in evidence the act of the General Assembly (Acts of 1896-97, p. 1152), prohibiting "the selling or giving away of vinous, spirituous or malt liquors within five miles of any church house or school house in Cherokee county."

In the court's general charge he instructed the jury as follows: "Before they could convict the defendant they must believe from the evidence beyond a reasonable doubt that within five miles of the Methodist church house located in Centre, in Cherokee county, Alabama, and within twelve months before the finding of this in-

dictment the defendant sold or gave away vinous, spirituous or malt liquors; that a sale of personal property was a transfer of the same for a price paid or agreed to be paid; that words need not be spoken to constitute a sale; that it might be inferred from the conduct of the parties; that if one in possession of personal property permits another to take it with the mutual understanding it was to be paid for and the vendee leaves money to pay for it where the vendor may get it and the vendor afterwards gets the money and accepts it in payment of the property such a transaction would be a sale, though the parties may not have said a word about it. *That if the jury believe from the evidence beyond a reasonable doubt that defendant knew that Angle wanted whiskey at the time and that Angle got the whiskey as testified to by witness, and defendant afterwards found this out it would make no difference that defendant accepted the 50 cents for the whiskey afterwards; if they should find the defendant had the whiskey in his control at the time Angle got it, in that event the defendant would be guilty;* that they must ascertain from the evidence whether the witness Angle got the whiskey with the intention of paying for it, whether he left the money to pay for it, and whether the defendant afterwards got the money and accepted it for the whiskey." The defendant separately excepted to the portion of the court's general charge as italicized, and also separately excepted to the court's refusal to give each of the following charges requested by him: (1.) "If the jury believe the evidence in this case they will find the defendant not guilty." (2.) "The court charges the jury that under the evidence in this case there was no sale of the liquor by the defendant." (3.) "The court charges that under the evidence in this case there was no giving away of the liquor by the defendant." (4.) "The court charges the jury that if the jury or any individual member of the jury have a reasonable doubt growing out of the evidence or any part thereof that there was neither a sale or a gift of the liquor by the defendant to the State's witness, the jury cannot convict." (5.) "If the liquor in this case

[Winter v. The State.]

was not the property of defendant then under the evidence in this case the defendant is not guilty of a sale of the liquor in controversy." (6.) "If the liquor in this case was not the property of defendant, then under the evidence in this case the defendant is not guilty of giving away the liquor in controversy." (7.) "The jury before they are authorized to convict in this case must believe from the evidence and the evidence alone that defendant either sold or gave away liquor as charged in the indictment, and in order to establish either charge they must find from the evidence that he had control of the liquor at the time and knew at the time that witness Angle got the liquor and it is necessary for each juror to be convinced beyond a reasonable doubt whether defendant either sold or gave away the liquor, and if they so find he did either, then they must all agree as to whether he sold or gave away the liquor before they are authorized to convict." (8.) "That if the jury believe from the evidence that Mrs. Winter, the wife of defendant, had as good opportunity to place the liquor where it was found as the defendant had, they may look to that in connection with all the other evidence as to defendant's guilt, and if they have a reasonable doubt of defendant's guilt, they must acquit." (9.) "The law does not require the conviction of the doubtfully guilty; but only such as have been proven, by the evidence, and beyond all reasonable doubt, that defendant is guilty as charged in the indictment or the jury cannot convict." (10.) "The court charges the jury that if there is a reasonable doubt growing out of the entire evidence or any part thereof as to who owned or controlled the liquor, then unless the evidence shows that defendant did or said something promoting the alleged sale or gift of the liquor, then the jury cannot convict."

H. W. CARDEN, for appellant.

CHARLES G. BROWN, Attorney-General, for the State, cited *Hale v. State,* 122 Ala. 85; *Nicholson v. State,* 117 Ala. 32; *Roberson v. State,* 99 Ala. 189; 100 Ala. 40; *Marcus v. State,* 89 Ala. 23; *Hensley v. State,* 52 Ala. 10.

McCLELLAN, C. J.—That part of the court's general charge to the jury to which an exception was reserved is confused, and standing by itself might possibly have been construed by the jury into a meaning involving an unsound statement of law unfavorable to the defendant; but when it is taken in connection with its context, the parts which preceded and followed it and in connection with which it was given, it seems clear that the law was properly stated and that no room was left for a construction by the jury of the particular part which would have rendered it erroneous and prejudicial. And, as has been often declared by this court, the general charge given *ex mero motu* by the court is to be considered as a whole and each sentence read in the light of its context in construing and passing upon any particular part of it.

There was abundant evidence before the jury to authorize them to find either a sale or a gift by defendant of whiskey to the witness Angle within the territory covered by the statute prohibiting the sale or giving away of spirituous liquors, etc., and the statute itself was in evidence. Therefore, charges 1, 2 and 3 were properly refused to defendant.

Charge 4 would have required the jury to acquit upon a doubt arising upon some part of the evidence though such doubt had been entirely dissipated upon consideration of the whole evidence. The charge, moreover, is confusing and inapt in the use of the words "neither a sale or a gift." The purpose was to tell the jury that they should not convict if they had a reasonable doubt as to whether there was a sale and also such doubt as to whether there was a gift; but as expressed it calls for an acquittal if the jury should have a reasonable doubt that there had *not* been a sale, etc., etc.

It was not necessary to a conviction that the jury should find that the whiskey was the property of the defendant. He would be equally guilty if he had control of it as agent or otherwise and sold it or gave it to Angle. Charges 5 and 6 were each properly refused.

The statute is directed against the disposition of spirituous liquors, etc., by sale or gift. It was only necessary to a conviction that the jury should have be-

lieved beyond a reasonable doubt that the defendant either gave the whiskey to Angle or that he sold it to him, and not at all necessary that all the jurors should concur in finding that it was a sale or that it was a gift, nor, indeed, was it necessary for any one of the jurors to believe that the defendant sold the liquor and did not give it away or *vice versa.* Charge 7 is bad under this view.

Charge 8 singles out and gives undue prominence to the evidence tending to show Mrs. Winter's opportunity to put the whiskey where it was found, and is argumentative.

Charge 9 is argumentative, elliptical and confusing.

Charge 10 is subject to the same infirmity as that first noted in respect of charge 4. It would have required an acquittal on a doubt which arose on consideration of a part of the evidence but disappeared on a consideration of the whole of it.

Affirmed.