# Mobile Light & R. R. CO., v. Walsh, C.

*Action for Damages for Injury to Passenger.*

(Decided April 3, 1906. 40 So. Rep. 561.)

1. *Appeal; Harmless Error; Admission of Evidence.*—The admission of evidence as to an element of damage, if error, was cured by the action of plaintiff's counsel, who withdrew all claims for such damages, and so stated to the court and jury before verdict.

2. *Evidence; Opinion.*—The statement by a witness shown to know the fact "that since the injury plaintiff had not been able to do anything," is not objectionable because witness is not an expert, as such testimony is rather a statement of collective fact, than an opinion.

3. *Carriers; Personal Injuries; Comparative Evidence; Alighting from Car.*—The fact that many other places in the city where a great many people alight from cars without injury, were just as dangerous as the place where plaintiff alighted, and was injured, is immaterial, and properly excluded.

4. *Same; Stopping to set down Passengers; Care Required.*—It is the duty of street car companies to exercise the highest degree of care in stopping its cars for passengers to alight, and in providing a reasonably safe place for them to alight.

5. *Same; Injury to Passenger; Place of Alighting; Safety; Rights of Passengers.*—A passenger has a right to rely upon the implied assurance of safety from an invitation to alight from the car at a point where it was stopped, after such passenger signified a desire to be set off.

[Mobile Light & R. R. Co. v. Walsh, P.]

6. *Same; Same; Same; Duty of Carrier and Passenger.*—A passenger is not charged with knowledge of whether a place at which the car stops, to permit passengers to alight, is reasonably safe, and is not guilty of negligence in alighting at such place, unless it is obviously dangerous, while the duty to know that the place is reasonably safe is upon the servants of the street car company.

7. *Same; Same; Alighting at Dangerous Place; Contributory Negligence.*—A passenger who does no more than an ordinarily prudent person would do under the same circumstances, is not guilty of contributory negligence in alighting from a car at a place where the car stopped, after the passenger had signified his desire to alight, even if the place was unusual and dangerous.

8. *Same; Actions for Injuries; Instructions.*—An instruction is proper that the stopping of the car at or near the place where the passenger gave the signal for stopping, may be taken as an invitation to the passenger to alight, and does not withdraw from the jury a decision of the question of whether there was an invitation to alight.

9. *Same; Misleading Instructions.*—A charge requiring a finding by the jury against the plaintiff unless they believed the defendant "did issue an invitation to alight," is misleading in that the jury might construe that they could not find for the plaintiff except upon an express verbal invitation to alight given by defendant.

10. *Trial; Instructions; Assumption of Fact.*—A charge which assumes a fact upon which there is a conflict in the testimony is properly refused.

11. *Same; Same; Argumentative Charges.*—Charges which assert no proposition of law, but are mere arguments, are properly refused.

12. *Same; Emphasizing Certain Facts.*—A charge which emphasizes certain facts and confines the jury to a consideration of these facts, to the exclusion of other evidence relative to the same issue, is misleading and properly refused.

APPEAL from Mobile Circuit Court.

Heard before HON. WILLIAM S. ANDERSON.

This was an action by appellee against appellant to recover damages for personal injury to her as a pas-

[Mobile Light & R. R. Co. v. Walsh, C.]

senger, under a complaint charging that while a passenger upon one of defendant's cars she had been injured by reason of the negligence of the defendant company in bringing its car to a stop at an improper and dangerous place of exit, and negligently inviting her to alight therefrom, wherefore she fell and suffered a fracture of her leg, permanently disabling her. The pleas were the general issue to both counts; and to the first count, "that the plaintiff saw the height of the step of the car from which she alighted above the ground before she attempted to alight, and after seeing the height of the step above the ground, she negligently attempted to alight, contributed to the injury complained of," and to the second count, "that the plaintiff, before alighting, saw the height of the step above the ground, and also saw the irregular conformation of the ground complained of, and nevertheless negligently alighted from the step of the car, and that her negligence in so alighting proximately contributed to the injuries complained of;" and to both counts, "that at the point where defendant's car stopped it was safe for plaintiff to alight from said car on one side thereof, with the assistance of the conductor upon said car, and when said car stopped said conductor invited plaintiff to alight on said safe side, and was ready to assist her in so alighting, of which plaintiff had notice, but that plaintiff negligently failed to alight on said side, and voluntarily alighted on the more dangerous side, and that her said negligence proximately contributed to the injuries complained of."

The evidence tended to show that plaintiff was a passenger on defendant's car, and requested to be put off at a certain crossing; that the car was run past this crossing some 50 or 100 feet, and stopped; that plaintiff asked the motorman to run the car back to the crossing, as the point at which it stopped was low and rough; that the car was not backed back, and in attempting to alight plaintiff received the injuries complained of. There was conflict in the testimony as to the distance between the

step and the ground, as to the condition of the ground at that point, as to whether or not the conductor asked the plaintiff to get off on the other side of the car and offered to assist her to so alight, and as to whether or not there was an invitation to alight at that point.

The oral charge is set out in full in the transcript, to portions of which the defendant excepted, as follows: "The law requires of a railroad carrying passengers— such a railroad as this—the highest degree of care in the operation of its cars to protect the lives and limbs of its passengers; that is, they are required to exercise the highest degree of care in providing places for passengrs to alight from their cars, and a failure to exercise that degree of care is negligence upon the part of the defendant." And: "Where the car stopped at or near where the passenger gives the signal for it to stop, or has directed or requested it to stop, or where it is stopped just beyond such point a short distance, that may be taken as an invitation to alight." And: "If the car was brought to a standstill, and nothing more was done, that would properly be held to be an invitation from the servants of the defendant in charge of the car for the passenger to alight there."

The court gave the following charges at the request of the plaintiff: "(1) If the evidence shall reasonably satisfy the jury that the defendant carried Mrs. Walsh beyond the point where it had been requested to stop the car for her to alight, and stopped the car for her to leave it at an unusual and improper place, where she left it and was hurt in doing so ,and that in getting off at that place she did no more than an ordinarily careful prudent person would have done under like circumstances, then she was not guilty of contributory negligence." Charge 3: "The court charges the jury that if the defendant, by its employes, stopped its cars for plaintiff to alight at a place where the step was so high from the ground that she could not alight without great danger of falling,

such place was an improper one for such stop to have been made."

The defendant requested the following written charges, which were refused by the court: Charge B: "The court charges the jury that, the plaintiff in this case having alleged that the defendant negligently invited her to alight from the car upon which she was a passenger at the place of the injury, the plaintiff cannot recover without establishing to the reasonable satisfaction of the jury that the defendant did issue such an invitation; and the court charges the jury that the mere fact that a car is brought to a stop after having passed the proper stopping place, by reason of the failure of the conductor to ring the bell in time, does not, without more, constitute an invitation to passengers to alight at an improper place of exit; nor can such an invitation be implied from the mere stopping of the car until a reasonable time has elapsed in which to enable those in charge of the car to start the car back to the proper place of exit." Charge C: "The court charges the jury that the mere negligent passing of the proper place of exit by an electric car, owing to the neglect of the conductor to give the signal for stopping soon enough to enable the motorman to stop the car at the proper place, does not constitute the proximate cause of an injury received by a passenger. who attempts to get off of the car as soon as it is stopped and at an improper plcae, without first applying to the conductor to have the car returned to the proper place, and without giving the conductor an opportunity to do so." Charge 5: "The court charges the jury that if they believe from the evidence that the plaintiff, Mrs. Catherine Walsh, saw the condition of the street, and the distance from the street to the step, before she undertook to alight, and. judging of the matter for herself, came to the conclusion that she could alight in safety, and voluntarily undertook to do so without the assistance of any person, and that her effort to so alight proximately contributed to her injury, then the

jury should find for the defendant." Charge 6: "The court charges the jury that if the condition of the street at the point of the injury was such as to make it negligence on the part of those in charge of the car to stop the car at such point, and if the jury further believe from the evidence that the plaintiff, before attempting to alight, saw and knew the surrounding conditions, and was in a position to judge for herself as to their safety, and nevertheless undertook to alight voluntarily without assistance, and in doing so fell and was injured, then the jury should find for the defendant." Charge 7: "The court charges the jury that if the motorman, the conductor, and all the passengers on an electric car all see the surrounding condition, and have equal opportunity to judge of the safety of the passenger alighting at that place, then such conditions known to both parties, and which were so dangerous as to make it negligence on the part of those in charge of the electric car to stop at that place for the exit of passengers, would also be so dangerous as to make it contributory negligence on the part of the passenger to voluntarily attempt to alight at such place without assistance." Charge 10: "The court charges the jury that if they believe from the evidence that the plaintiff saw the surrounding conditions, and calculated the distance for herself, and concluded that she could step down in safety, and voluntarily undertook to do so, but miscalculated the distance, and that it was this fact that caused her to fall and be injured, then the jury should find for the defendant." Charge 14: "If a person of ordinary prudence, seeing what plaintiff saw, would have doubted whether it was safe for her to alight where the car stopped, the jury ought to find a verdict for the defendant." Charge EE: "The court charges the jury that there is no evidence in this case tending to show any negligence on the part of the motorman which was the proximate cause of plaintiff's injury." Charge F: "The court charges the jury that

if they blieve from the evidence that the conductor in this case got upon the ground to assist the plaintiff to alight from the car, and that the plaintiff saw that he had done so, and nevertheless undertook to alight from the car on the other side without any assistance, and if the jury believe from the evidence that the plaintiff could have alighted from the car with the assistance of the conductor without any injury to herself, then the jury should find for the defendant." Charge I: "The court charges the jury that neither the failure of the car to stop at Lafayette street after the conductor had been warned of plainiff's desire to leave the car at that point, nor the fact that the car stopped shortly after running by said street at an improper place for exit of passengers, nor both of these facts taken together, could, without more, render the defendant liable for an injury the passenger received in leaving the car, by reason of the condition of the ground at the point where the car stopped, unless there was something further which justified the passenger in concluding that it was not the intention of those in charge of the car to back the car to the proper place of exit, for the purpose of letting the plaintiff out." Charge J: "The court charges the jury that, if the conductor in charge of the car neglects to give the motorman the signal in time to enable the motorman to stop the car at a street crossing at which the conductor has been informed by the passenger that she desires to alight, it is the duty of those in charge of the car to have the car backed to the street crossing at which the passenger desires to alight, and the conductor is entitled to a reasonable time within which to perform this duty, and if, under these circumstances, a lady passenger tries to get off of the car without giving the conductor an opportunity to back the car to a proper place of exit, so that the conductor cannot start the car back while the lady is attempting to alight without increasing her jeopardy, then the railroad company is not liable for any injury the lady may suffer by reason of her efforts to get out of the

car at the place where the car was stopped." Charge K: "The court charges the jury that, where the condition of the track and the place of exit and the surrounding circumstances are fully known to both parties, then the question as to whether it is negligence on the part of the street railroad company to stop its cars at a given place for the purpose of affording an exit to its passengers it to be tested by identically the same considerations as the first one, whether it is negligence on the part of the passenger to attempt to alight at that place." Charge M: "The court charges the jury that if the plaintiff notified the conductor of her desire to alight at Lafayette street, and the car was unintentionally run past that street by reason of the failure of the conductor to notify the motorman in time to enable him to stop the car at that point, and if the place at which the car did stop was an improper place for putting passengers out, then it was the duty of the conductor to back the car to a proper place of exit, and he was entitled to a reasonable time within which to correct the error; and if the plaintiff voluntarily, and without the conductor or motorman having notified her to do so, left the car without according the conductor an opportunity of correcting his error, and fell and was injured, she is not entitled to recover."

There was judgment for the plaintiff for $2,000.

GREGORY L. and H. T. SMITH, for appellant.—The mere passing the proper crossing, cannot be said to be the proximate cause of an injury to passengers in attempting to alight at an improper crossing.—*Dresslar v. Citizens S. R. R.*, 47 N. E. 651; *White v. W. E. St. Ry.* 43 N. E. 298. The mere fact that a car is brought to a standstill at an improper place of exit would not justify an implication that this was an invitation for the passenger to alight.—*Seaboard Manfg. Co. v. Woodson*, 98 Ala. 382; *E. T. V. & G. Co. v. Holmes*, 97 Ala. 337. As to the place of alighting, the test is whether the place was such that the conductor ought to know that it was dangerous.—*Foley v. Brunswick Co.*, 50 Atl. 340. The

burden was on the plaintiff to show that this was the cause of the accident, and not leave it to be surmised by the jury.—*Southworth v. Shea*, 131 Ala. 420. That plaintiff was herself guilty of contributory negligence, the danger was obvious to the passenger, if there was danger.—*Coosa Mfg. Co. v. Williams*, 133 Ala. 610. This being true, the carrier is not liable for injury received from such negligence.—Nellis St. Ry. Acc. Law. 118; *Stewart v. R. R. Co.*, 67 S. W. 4; *Tuscaloosa W. W. Co. v. Herren*, 131 Ala. 84; *C. of G. v. Foshee*. We think there is no distinction whatever between a case where the person seeing a train approaching thinks that he can get across the track in time, calculates for himself and is run over, and a case where a passenger sees a step, calculates how far it is, undertakes to step to the ground, and is injured.—*Railroad Co. v. Martin*, 117 Ala. 367; Authorities supra. The court erred in refusing to permit the defendant to show the condition of the track at other points.—*Railroad Co. v. Alexander*, 93 Ala. 137; *E. T. V. & G. R. R. Co. v. Thompson*, 94 Ala. 39; *Railroad Co. v. Webb*, 97 Ala. 163. The Court erred in permitting Mrs. Brown to testify as to the effect of the injury. The court erred in its oral charge to the jury. The court erred in its charges for plaintiff.— *R. R. Co. v. Stewart*, 91 Ala. 424; *Railroad Co. v. Davis*, 92 Ala. 314; *R. R. Co. v. Bayloe*, 105 Ala. 577; *L. & N. R. C. Co. v. Bank*, 132 Ala. 471.

R. H. and N. R. CLARKE and L. M. BROWN, for appellee.—The plaintiff having stated to the court and jury that she withdrew all claims to damages caused by the manner in which she was removed upon the car of defendant from the place of the accident to the place where she finally left the car all error predicated upon such proof was rendered innocuous.—*So. Ry. Co. v. Bunt*, 131 Ala. 591; *Strawbridge v. Spann*, 8 Ala. 820; *Thomas v. Henderson*, 27 Ala. 523. The fact that Mrs. Brown was not shown to be an expert was no reason why

she could not testify as to the effect the injury had upon the physical condition of Mrs. Walsh.—*S. & N. R. R. Co. v. McLendon*, 63 Ala. 266; *Dominick v. Randolph*, 124 Ala. 557; *L. & N. R. R. Co. v. Stewart*, 128 Ala. 213. The oral charge is expressly authorized by the opinion in *Montgomery St. Ry. Co. v. Mason*, 133 Ala. 508. The charge as a whole fairly and correctly instructed the jury upon the question at issue.—*R. & D. R. R. Co. v. Weems*, 97 Ala. 270; *Sweeney v. Water Supply Co.*, 121 Ala. 454; *Winter v. State*, 132 Ala. 32; *P. Tel. Co. v. Hulsey*, 132 Ala. 444. The charges refused to the defendant were properly refused. Charge 5 on the authority of *Montgomery St. Ry. Co. v. Mason, supra;* so also charge 10. Upon the issue of contributory negligence the true test is the exercise of ordinary and reasonable care to avoid the danger and that is the care that an ordinarily careful and prudent person would exercise under the circumstances.—*M. G. L. Co. v. M. & E. Ry. Co.*, 86 Ala. 372; *M. S. Ry. Co. v. Mason, supra*. Charge A misplaces the burden of proof.—*S. & M. R. R. Co. v. Duncan*, 76 Ala. 334; *G. P. Ry. Co. v. Davis*, 92 Ala. 300. It also has the tendency to withdraw the attention of the jury from the whole evidence to a particular part of it. —*Southern Bell v. Mayo*, 134 Ala. 641; *Cook v. State*, 134 Ala. 137. Charge B covers three distinct propositions, the first is sound, but the second ignores all the evidence and confines it to the mere stopping of the car. This renders the whole charge bad.—*Postal Tel. Co. v. Hulsey*, 132 Ala. 444, and authorities last above. For similar reasons, the other charges were bad.

TYSON, J.—The affirmative charge requested by the defendant was properly refused.—*Mobile Light & Railroad Co. v. Patrick Walsh*, 146 Ala. 290.

While damages are claimed in the complaint for the pain occasioned the plaintiff by the alleged rough operation of the car while being transported from the place of her injury to the point where she finally left it, and

testimony tending to support this allegation was offered against the objection of defendant, yet, in view of the statement of plaintiff's counsel, made to the court and jury, that she abandoned all claim for such damages, if error was committed by the court in permitting the introduction of this testimony, it was without injury.— *Sou. Ry. Co. v. Bunt*, 131 Ala. 591, 32 South. 507; *Strawbridge v. Spann*, 8 Ala. 820.

The motion to exclude the statement of Mrs. Brown that "her mother (the plaintiff) was unable to attend to her duties and is still unable to do anything," because the witness was not shown to be an expert, was properly overruled.—*S. & N. Ala. R. R. Co. v. McLendon*, 63 Ala. 266, 276 and cases there cited; *L. & N. R. R. Co. v. Stewart*, 128 Ala. 313, 29 South. 562.

Objections to the several questions propounded by defendant to its roadmaster, for the purpose of showing that there was at the time, and had been for a long time, a great number of other places in the streets of the city, over which its track ran, where there was just as great depressions, and even lower than the one where the accident to plaintiff occurred; that those conditions had existed for a number of years, and that passengers, male and female, in great numbers, were constantly in the habit of getting off the cars at such places without injury or difficulty, were properly sustained. The object sought by the questions was to show that the place at which plaintiff was hurt was not dangerous. To permit this character of testimony to be introduced would inject into the case an interminable number of issues upon purely collateral matters and perhaps divert the minds of the jurors from the main issues.—*Commander v. State*, 60 Ala. 1; *McAnally v. State*, 74 Ala. 9; *Mattison v. State*, 55 Ala. 224; *Montgomery St. Ry. v. Matthews*, 77 Ala. 357, 54 Am. Rep. 60; *Association v. Giles*, 33 N. J. Law, 260; *Branch v. Libbey*, 78 Me. 321. 5 Atl. 71, 57 Am. Rep. 810; *Langworth v. Green Township*, 88 Mich. 207, 50 N. W. 130; *Kidder v. Dunstable*, 11 Gray

(Mass.) 342; 1 Greenleaf on Ev. (16th Ed.) §§ 14a, 52, 448. The cases decided by this court and relied upon by appellant as supporting his contention on this point do not go further than to hold that testimony that other persons alighted from defendant's cars at the place where the injury occurred, if conditions were shown to be the same as when the accident to plaintiff happened, was admissible.—*E. Tenn., Va. & Ga. R. R. Co. v. Thompson*, 94 Ala. 636, 10 South. 280; *Birmingham Ry. & Elec. Co. v. Alexander*, 93 Ala. 131, 9 South. 525; *Mayor & Aldermen of Birmingham v. Starr*, 112 Ala. 98, 20 South. 424; *Davis v. Alexander City*, 137 Ala. 206, 33 South. 863. We are unwilling to extend the rule declared in those cases to the length we are here asked to go. Indeed, we think they have gone to the full limit—much further than the courts in other states have gone.

Several exceptions were reserved to certain parts of the oral charge of the court, which is set out in extenso in the record. The first of these relate to the degree of care exacted by the law of street car companies operating their cars by electricity with respect to their operation and as to places for their passengers to alight. The court instructed the jury that such railroad companies were required to exercise the highest degree of care, both as to the operation of the cars and providing places for the discharge of their passengers from their cars. Such is the law when applied to the facts of this case, as declared by this court in *Montgomery St. Ry. v. Mason*, 133 Ala. 508, 32 South. 261. See, also, 2 Shearman & Redfield on the Law of Negligence, §§ 495, 509; Nellis on St. Ry. Accident Law, p. 109. For it will scarcely be denied that the stopping of the car for passengers to alight from it is in a sense providing a place for such passenger to alight.

The next is to this language employed by the court: "When the car is stopped at or near the place when the passenger gives the signal for it to stop, or has directed or requested it to stop—that is, when the car stops just

beyond such point a short distance—that may be taken as an invitation to alight." This seems to announce a correct principle.—Nellis on St. Ry. Accident Law, pp. 110, 111, and note 60 on latter page. But we do not understand this instruction as is contended, as withdrawing from the jury the question whether on the facts stated there may or may not have been an implied invitation to the passenger to alight. On the contrary, we think it quite clear, under the charge, that the question was left to them for determination. As to the next portion of the charge excepted to, if conceded to be subject to criticism standing alone, the error, if one, was corrected by what was subsequently said by the court in its oral charge to the jury, in which it was distinctly and properly stated that the question whether there was an invitation to alight from the car was one for the jury.— *R. & D. Ry. Co. v. Weemes,* 97 Ala. 270, 12 South. 186, and cases there cited; *Winter v. State,* 132 Ala. 32, 31 South. 717; *Sweeny v. Bienville Water S. Co.,* 121 Ala. 454, 25 South. 575.

Charges B and C, refused to the defendant, were each properly refused. The first of these was calculated to mislead the jury in the use of the expression contained in it, "that the defendant did issue such an invitation," and, besides, it ignored that phase of the testimony from which the jury would have been authorized to find that there was a request by plaintiff to the motorman to take the car back to the crossing, and that the request was heard by the conductor. The last criticism also applies to charge C. Other objections to them might be pointed out, but these will suffice.

Charge 5 ignores the principle that plaintiff has a right to rely upon the implied assurance of safety arising out of an express or implied invitation to alight, even if doubtful as to such safety, and was justified in alighting if a person of ordinary care and prudence would have done so under the circumstances.

Charges 6 and K are treated together in brief of appel-

lant's counsel as asserting substantially the same principle. We shall not go further than to point out the defect in the last one designated. It was clearly misleading, in that it assumes that the condition of the track, place of exit, and surrounding circumstances were fully known to the plaintiff, whereas the testimony tends to show that they were not fully known. Besides, the defendant's servants were charged with the duty of knowing whether the place was reasonably safe, and, if its unsafe condition could have been discovered by them by the exercise of that degree of care required, they must be charged with the knowledge of that condition. No such duty was imposed upon plaintiff, and she could not be held to be guilty of negligence as matter of law, unless the place where she alighted was obviously dangerous.—Nellis on St. Ry. Accident Law, p. 118. This principle is also conclusive against the correctness of charge 7.

Charges 10 and 14, from what we have said, were each correctly refused.

There was no evidence tending to show that plaintiff's fall was occasioned by her foot having caught in her skirt. Charge D was, therefore, properly refused.

The court cannot be reversed for refusing charge EE. It asserts no principle of law, and must be condemned as being argumentative. If it was the purpose to have the jury instructed that under the evidence the motorman was not guilty of negligence, the proposition should have been requested in a way to properly raise that question.

Charge F wholly ignores all reference to notice or knowledge on the part of the plaintiff that it was dangerous to alight from the car on the side that she did, instead of the other.

Charge I confines the consideration of the jury to certain facts therein stated, to the exclusion of others shown by the testimony relevant to the issue, and was therefore misleading. For the same reason charges J and M were properly refused.

[Ball v. Mobile Light & Power Co.]

The two charges given at plaintiff's request, assigned as error, each assert correct propositions of law, and there was no error in giving them.

Affirmed.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.