(77 South. 349)

Ex parte COWART. (3 Div. 315.)

(Supreme Court of Alabama. Dec. 20, 1917.)

1. OFFICERS ⚬⚬111—STATE OFFICERS—TRUSTEES.

Funds or properties of the state coming into the hands of a public officer by virtue of his office ipso facto constitute such officer a trustee for the state.

2. EMBEZZLEMENT ⚬⚬11(2)—BY TRUSTEE OF STATE.

A state officer converting money received by him to be held for specific purpose or to be delivered to another officer for state use will be guilty of embezzlement as a bailee, although having no right to receive the money.

3. EMBEZZLEMENT ⚬⚬6 — PROPERTY SUBJECT TO.

The proceeds of checks which belong to the state are the subject of embezzlement.

4. OFFICERS ⚬⚬119—CONVERSION OF FUNDS—ACTION TO RECOVER.

Where a state officer converted funds of the state, such funds may be recovered as property of the state fraudulently transferred.

5. CRIMINAL LAW ⚬⚬844(1)—APPEAL—SUFFICIENCY OF EXCEPTION TO CHARGE.

An exception merely describing the subject treated by the court in an oral charge is bad, and an exception merely designating the beginning parts of the oral charge excepted to is insufficient.

6. CRIMINAL LAW ⚬⚬844(1)—APPEAL—SUFFICIENCY OF EXCEPTION TO CHARGE.

An exception to an oral charge, designating the beginning of the portion objected to and the end of such portion, is sufficient.

Anderson, C. J., and McClellan and Gardner, JJ., dissenting.

Certiorari to Court of Appeals.

Lee Cowart was convicted of embezzlement, and, the judgment being affirmed by the Court of Appeals (75 South. 711), defendant petitions for certiorari directed to the Court of Appeals. Judgment of Court of Appeals reversed, and cause remanded.

Richard V. Evans and H. K. White, both of Birmingham, for appellant. W. L. Martin, Atty. Gen., for appellee.

THOMAS, J. [1] The Court of Appeals properly held that any funds or properties of the state coming into the hands of a public officer by virtue of his office ipso facto constitute such officer a trustee for the state. Wolffe v. State, 79 Ala. 201, 207, 58 Am. Rep. 590; Milhous v. Dunham, 78 Ala. 48; Lee v. Lee, 67 Ala. 406.

[2] If the fund or property was received by him as such officer of the state, for a specific purpose or for the use of the state, or "to be delivered to another officer of the state, for the use of the state, although the officer had no right to receive it, such officer would be a bailee of the state and liable as such" for a misappropriation of such fund or property. Wolffe v. State, supra; Lacey v. State, 13 Ala. App. 212, 231, 68 South. 706; Lacey v. State, 193 Ala. 677, 69 South. 1018; Evans v. Evans, 76 South. 95;[1] Ledger Publishing Co. v. Miller, 170 Ala. 437, 54 South. 52; Lang v. State, 97 Ala. 41, 12 South. 183.

[3, 4] The proceeds of the checks, the moneys in question, were the funds of the state of Alabama, and, as such, the subject of embezzlement. Cowart v. State (App.) 75 South. 711, 713. Such funds, if converted, may be recovered as property of the state fraudulently transferred. Lacey v. State, supra; Exchange Nat. Bank v. Stewart, Trustee, 158 Ala. 218, 224, 48 South. 487.

[5, 6] In Birmingham Railway, Light & Power Co. v. Friedman, 187 Ala. 562, 570, 65 South. 939, 941, this court, treating of inexact exceptions, declares that:

"The exception attempted to be taken to the oral charge of the court in respect of the statement that the jury's province was to decide the issues of fact was abortive; for that it was descriptive only, not the reservation of an excep-

tion to a particular, exactly designated statement' of the judge. There is no practice allowing an exception by description of a subject treated by the court in an oral charge to the jury."

After the conclusion of the oral charge and the expression of satisfaction therewith by the state, the court inquired, "Is the defendant satisfied?" to which defendant's counsel replied:

"Exception to that part of the general charge starting with the words, 'If, however, you may find there is nothing in the law requiring him to collect this money, if he collected it, notwithstanding he had no authority to do so, he would be guilty,' and exception to that part beginning, 'One check for $25, one for $1.25, and one for $50,' sentence beginning with that, and to that part beginning, 'After he got the money out of the bank it ought to have been deposited in the state treasury,' ending with the words, 'under that he would be guilty.'"

The first and second exceptions thus sought to be reserved fell within the rule of the Friedman Case, above quoted. The third exception was sufficiently definite to reserve for review that portion of the oral charge as follows:

"When he drew that money out of the bank, then it was his duty not to have appropriated the money to his own use, but it became his duty to place that money where it belonged, which was in the treasury of the state. Now you recall the evidence which has been offered with reference to the deposits made by him in the state treasury, with the auditor, and, failing to do that, he then used knowingly money that belonged to the state, and under that he would be guilty."

The writ of certiorari is granted. The judgment of the Court of Appeals is reversed, and the cause is remanded, that that court may pass on the merits of the exception thus reserved to the indicated portion of the oral charge of the court, that last indicated by defendant's counsel.

MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur. ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., dissent.