(79 South. 398)

COWART v. STATE. (3 Div. 265.)

(Court of Appeals of Alabama. Jan. 22, 1918. Rehearing Denied Feb. 26, 1918. Final Judgment May 14, 1918.)

Appeal from City Court of Montgomery; A. H. Alston, Judge.

Lee Cowart was convicted of embezzlement, and appeals. Reversed and remanded, under mandate from Supreme Court. 201 Ala. 525, 78 South. 879.

R. V. Evans, of Birmingham, for appellant. W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

BROWN, P. J. The Supreme Court on review affirms this court on all propositions announced in the opinion of June 5, 1917 (Cowart v. State, 75 South. 711 [1]), aside from the holding that the third exception to the oral charge of the court was not properly reserved (77 South. 349 [2]). The judgment of affirmance for that reason was reversed, with directions to consider the merit of that exception. The exception is to the following excerpt from the ex mero motu charge of the court:

"When he drew that money out of the bank, then it was his duty not to have appropriated it to his own use, but it became his duty to place that money where it belonged, which was in the treasury of the State. Now you recall the evidence which has been offered with reference to the deposits made by him in the state treasury, with the auditor, and failing to do that, he then used knowingly money that belonged to the state, and under that he would be guilty."

Preceding this utterance, the court stated to the jury in the oral charge, among other things:

"This defendant enters a plea of not guilty under each and every one of these counts, and in addition to the plea of not guilty the law presumes him, as it does every other defendant that comes into court to answer to any indictment preferred against him, innocent, and that presumption of innocence places upon the state the burden of proving to you, beyond a reasonable doubt, that the defendant is guilty under some of these counts, if not all of them. No defendant that comes into court need ever have one word to say with reference to his innocence, establishing his innocence, until the state has first made out a case against him. The indictment is read, he pleads not guilty, and there he may stop until the state has made out a prima facie case; then it becomes necessary for him to offer evidence that would rebut the prima facie case which has been made. Now let us see what would be the prima facie case, in the case at bar, that the defendant would have to offer evidence to rebut it. In the first place, the state must prove to you, beyond a reasonable doubt, that the defendant, Lee Cowart, knowingly converted money that belonged to the state to his own use. * * *

"Now, I charge you, that although you may

[1] Ante, p. 119.   [2] 201 Ala. 55.

find that there was nothing in the law that has been read to you that authorized Cowart to collect money belonging to the state, and that was not one of the duties specified by that section, yet if he received money that belonged to the state he then became what the law terms a bailee, that he held that money for the state, and if he converted it then, although having no authority as set out in the law that created the office of immigration agent or commissioner that he held, and he then used it, he would be guilty. If he permitted another to use it, knowing that it was the state's money, why, he would be guilty. Now, the law does not place upon the state the burden of proving to you beyond all doubt that this defendant knew that it was the state's money at the time that he used it. The law never requires that high degree of proof in any case, no matter if it is a charge of the highest magnitude known to the law. The law says it must be beyond a reasonable doubt, because it is well known, recognized by the law, that everything that is dependent upon human testimony is susceptible of some doubt. It may be a fanciful doubt, it may be a tangible doubt, it may be something that goes out into the realms of speculation, so the law, recognizing that, saw that it was necessary to fix a rule to enable jurors to measure the testimony, and by a measure of testimony to enable them to reach a conclusion, and that was a reasonable doubt, which is a doubt that grows up out of the evidence itself, that it is an actual doubt, that it is a tangible doubt, and that it addresses itself to your reason, appeals to you as reasonable men. When you have reached your conclusion by that measure of proof, then you have reached it by the measure of proof that the law says is sufficient, and that the law says would require a verdict of guilty at your hands as imperatively as it would one of not guilty if you failed to have that measure of proof."

After referring to the fact that the court required the state to elect on which counts it would rely for a conviction, the charge proceeds:

"The court held that they elect which count they relied upon, that items in that indictment embraced there, and these checks are the ones relied upon. So it then becomes necessary for the state to convince you beyond a reasonable doubt that these checks represent money that belonged to the state; that Cowart, knowing that fact, converted the money to his own use, although there was no criminal intention at the time that he did it, knowing it to be the state's money and converted it knowingly to his own use would constitute the crime, establish the charges preferred against him in seven of these counts. Now, there are some indorsements on the back of these checks, and it was shown that the money was drawn from the banks where Cowart had deposited them, he drew it. It is true that when one takes money and deposits in the bank to his own name he does establish there the relation of debtor and creditor between himself and the bank."

In this connection follows the excerpt to which the third exception is reserved. It is well settled that the part of the court's general charge to the jury to which an exception is reserved must be construed and read in connection with the other part of the charge. The charge must be considered as a whole, and each sentence read in the light of the context. Winter v. State, 132 Ala. 32, 31 South. 717; Mobile Light & Railroad Co. v. Walsh, 146 Ala. 295, 40 South. 560; Lacey v. State, 13 Ala. App. 212, 68 South. 706; Pratt Consolidated Coal Co. v. Morton, 14

Ala. App. 194, 68 South. 1015; Fuller v. State, 75 South. 879.[3] In the case of Winter v. State, supra, the defendant was indicted for selling or giving away spirituous, vinous, or malt liquors within five miles of the Methodist church house located in the town of Center, in Cherokee county, Ala. The court in that case in the ex mero motu charge stated to the jury:

"That if the jury believed from the evidence beyond a reasonable doubt that defendant knew that Angle wanted whisky at the time, and that Angle got the whisky, as testified to by witnesses, and defendant afterwards found this out, it would made no difference that defendant accepted the 50 cents for the whisky afterwards. If they should find that the defendant had the whisky in his control at the time Angle got it, in that event the defendant would be guilty."

An exception was reserved to this portion of the court's ex mero motu charge, and disposing of the question the Supreme Court, speaking by McClellan, C. J., said:

"That part of the court's general charge to the jury to which an exception was reserved is confused, and, standing by itself, might possibly have been construed by the jury into a meaning involving an unsound statement of law, unfavorable to the defendant; when it is taken in connection with its context, the parts which precede and followed it and in connection with which it was given, it seems clear that the law was properly stated, and that no room was left for a construction by the jury of a particular part which would have rendered it erroneous and prejudicial, and, as has been often declared by this court, the general charge given ex mero motu by the court is to be considered as a whole, and each sentence read in the light of its context, in construing and passing upon any particular part of it."

In the case of Mobile Light & R. R. Co. v. Walsh, supra, the court said:

"As to the next portion of the charge excepted to, if conceded to be subject to criticism standing alone, the error, if one, was corrected by what was subsequently said by the court in its oral charge to the jury, in which it was distinctly and properly stated that the question whether there was an invitation to alight from the car was one for the jury."

In the oral charge, the court dealt only with the elements of the offense denounced by section 6838 of the Code, and as pertinent to the charge laid in the first count of the indictment. The excerpt from the oral charge of the court embodied in the exception is clearly dealing with this offense, to wit, that the defendant knowingly converted to his own use, or permitted another to use, money paid into his office or received by him in his official capacity, and when this excerpt is read in the light of what preceded it, this portion of the charge is not affected with reversible error. Code 1907, § 6838.

The fact that the court failed to charge on the offense denounced by section 6831, or in another portion of the charge to which no exception was reserved, erroneously applied section 6838 to counts of the indictment charging the offense denounced by section 6831, cannot avail to reverse on the exception to a portion of the charge that is not affected with error. McPherson v. State, 198 Ala. 5, 73

[3] Ante, p. 163.

South. 387; B. R., L. & P. Co. v. Friedman, 187 Ala. 570, 65 South. 941; Cowart v. State, ante, p. 119, 75 South. 711; Ex parte Cowart, 201 Ala. 55, 77 South. 349. The rule announced in these cases requires the exceptor to definitely point out the portion of the court's oral charge by which he deems himself aggrieved, with such certainty that it may be readily identified, not only that the reviewing court may know what to review, but that the trial court may have an opportunity to reconsider, modify, or explain the charge to the jury, and thereby avert prejudicial error. McPherson v. State, supra; City Council v. Gilmer, 33 Ala. 116, 70 Am. Dec. 562.

To sustain appellant's contention that the exception in question requires a review of every other utterance of the trial court, and if error appears in any portion of the charge, he is entitled to a reversal, would clearly be a departure from the established practice, and establish a precedent that would invite deception of trial courts, and one that would be fraught with dangerous consequences. If such practice should be sanctioned or established, no lawyer of ability would ever reserve an exception to the portion of the charge that was laid in error, for fear the trial court might modify or correct the error and thereby deprive him of a reversal if the verdict of the jury was adverse to the interest of his client and he appealed.

Appellant was represented by able counsel with long and varied experience at the bar, who in taking the bill of exceptions cut the pattern by which the case was to be reviewed, and when the case thus presented is tested by the rules of law applicable, we find nothing to warrant a reversal.

Affirmed.

PER CURIAM. Reversed and remanded under mandate from the Supreme Court. 201 Ala. 525, 78 South. 879.