FRANCES E. GOULD *vs.* SLATER WOOLEN COMPANY.

Suffolk. May 5, 1888. — June 21, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Negligence — Use of Poisonous Dyes by Manufacturer.*

A woollen manufacturer who uses in dyeing his cloths the most common mordant, which so far as known has never caused injury to any one merely handling cloths dyed therewith, and which he did not know or suppose, and had no reason to know or suppose, to be injurious, is not liable to a purchaser poisoned by handling the cloth.

TORT to recover for personal injuries alleged to have been caused by the negligent use of poisonous dyes by the defendant in making woollen cloths purchased and used by the plaintiff, a manufacturer of caps.   Writ dated September 22, 1884.

At the trial in the Superior Court, before *Blodgett,* J., the plaintiff's evidence tended to show that she was poisoned by using, in the ordinary course of her business, cloths manufactured by the defendant, and which she bought of its agent.

Dr. Charles Harrington, assistant chemist in the Harvard Medical School, called by the plaintiff as an expert, testified that he had made an analysis of the cloth in question, and had found in it quite a large amount of chrome compounds; that the chrome was in the cloth in an insoluble form, and that it would be hard to say what the compound was; that the cloth was mordanted by bichromate of potash in solution, and then passed through the dyeing process, so that a new compound was formed, the exact nature of which he could not tell; that bichromate of potash was the most common mordant used in dyeing woollen cloth to set the color; that all bichromate of potash was an irritant poison, and caused ulceration and more or less inflammation of the skin; that it was a well known fact that most workmen in factories where it was made had local ulcerations on the hands and nose; and that cloth dyed by bichromate of potash might be poisonous to susceptible persons.   On cross-examination, he testified that bichromate of potash was very extensively used in dyeing cotton stockings black; that, so far as he knew, no cases of poisoning similar to that of the plaintiff had been published until he published four or five cases in 1886, but that since that time he had seen several more; that up to that time it had not been shown, so far as he could find out, that cases of poisoning had occurred from chrome mordanted cloth; that he did not know how poisoning could be effected from the presence of chrome compounds in cloth; and to the question, " Is there to-day anything further developed in relation to this kind of poisoning, other than that some people may be injured who have a disposition that way by the presence of this compound?" he replied, "Nothing more than occasionally persons may be injured by it, but the great majority of people not."

Upon this evidence, the judge ruled that the action could not

be maintained, and ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*E. B. Callender & L. Girardin,* for the plaintiff, cited *French* v. *Vining,* 102 Mass. 132; *Wellington* v. *Downer Kerosene Oil Co.* 104 Mass. 64; *Minor* v. *Sharon,* 112 Mass. 477; *Smith* v. *Wildes,* 143 Mass. 556; *Giroux* v. *Stedman,* 145 Mass. 439, 443.

*W. S. B. Hopkins,* for the defendant.

C. ALLEN, J. The question in this case is whether there was any evidence, sufficient to go to the jury, to show that the defendant was negligent in the performance of any duty which it owed to the plaintiff, as one of the purchasers of the cloths manufactured by the defendant; and we are of the opinion that there was not. The plaintiff's action was brought on September 22, 1884. According to the testimony of the expert witness introduced by the plaintiff, it had never been shown, until 1886, that any cases of poisoning had occurred like the plaintiff's. For all that appears, the plaintiff's was the first instance of injury that ever was known to arise from the cause alleged in the declaration. All that the plaintiff showed against the defendant was, that it used an article for dyeing its cloths which was the most common mordant used in wool dyeing, which was also used very extensively in dyeing cotton stockings black, which, so far as then known, had never caused injury to anybody who merely handled the cloths, and which the defendant did not know or suppose, and had no reason to know or suppose, to be injurious; and, under these circumstances, although there was evidence tending to show that, in point of fact, the plaintiff was injured by merely handling the cloths, this was not a result which the defendant was bound or ought to have contemplated as likely to happen. The facts of the present case do not call upon us to go any further than this. See *Commonwealth* v. *Pierce,* 138 Mass. 165, 179, 180; *Davidson* v. *Nichols,* 11 Allen, 514; *Wellington* v. *Downer Kerosene Oil Co.* 104 Mass. 64.

*Exceptions overruled.*