[Davis v. Alexander City.]

# Davis v. Alexander City.

*Action against Municipal Corporation for Damages for Personal Injuries caused by Defect in Street.*

1. *Action against municipal corporation for damages arising from defect in streets; what necessary to maintain action.*—To maintain an action against a municipal corporation to recover damages for personal injuries, alleged to have been caused from a defective condition of the streets, the plaintiff must aver and prove not only the existence of the defect in the street as alleged in his complaint, but also that the defendant had actual or constructive notice of it at the time of the injury complained of.

2. *Action against municipal corporation for defective streets; admissibility of evidence.*—In an action against a municipal corporation to recover damages for personal injuries alleged to have been caused by a defect in the streets of the defendant, evidence that several days after the accident complained of, another person fell at the same place, is inadmissible and incompetent, in the absence of testimony showing the similarity of the condition of the defect at the subsequent date and at the time of the injury complained of by plaintiff.

3. *Same; evidence as to subsequent condition of street inadmissible.*—In such an action, testimony as to the condition of the street some days subsequent to the date that the plaintiff was hurt, is inadmissible in the absence of all proof that such condition remained unchanged after the date of the injury.

4. *Argument of counsel to jury; when improper.*—In an action against a municipal corporation to recover damages for personal injuries, alleged to have been caused by a defective condition of the defendant's street, a statement made by the plaintiff's attorney in his argument to the jury that "Doubtless, gentlemen, you know that you can not get in trouble any quicker than to go to a little town like Alexander City and say something against the condition of the town to some of the city officials," transcends the bounds of legitimate argument, and upon objection on the part of the defendant is

[Davis v. Alexander City.]

properly excluded from the jury; such argument being based upon a fact which was not in evidence, and which was not and could not be legally competent and admissible in evidence.

APPEAL from the Circuit Court of Tallapoosa.
Tried before the Hon. N. D. DENSON.

This was an action brought by the appellant, W. O. Davis, against the Common Council of Alexander City, to recover damages for personal injuries, alleged to have been sustained by the plaintiff, by reason of a defective condition of a street in the town of Alexander City.

It was averred in the complaint that while the defendant was driving in a buggy along one of the streets in Alexander City, in the night time, the buggy ran into a ditch or gulley that was left open along or across said street and threw the defendant out, causing the injuries complained of; and that the defendant knew that said ditch or gulley was in or* across said street or should have known of the existence of said ditch or gulley by the exercise of due diligence in attending to and keeping in repair the streets of said town and that the defendant negligently allowed said ditch or gulley to remain open in and across said street.

The defendant pleaded the general issue, and by special plea set up the contributory negligence on the part of the plaintiff, in that, at the time complained of, the plaintiff was driving at night along said street in a reckless manner and at a hight rate of speed, and that his negligence in this regard proximately contributed to the injuries complained of.

The plaintiff introduced evidence showing that the injuries complained of were inflicted on March 26, 1900. There was also evidence introduced on the part of the plaintiff further tending to show that while he was driving along one of the streets of the defendant town at an ordinary rate of speed of from 4 to 6 miles an hour, the front wheels of his vehicle ran into a ditch which was in or along said street, and by reason of this defect the defendant was thrown out of the vehicle and injured.

The evidence on the part of the defendant tended to show that there was no ditch or gulley in the street at the place the plaintiff claimed to have been injured.

Dr. Coley was introduced as a witness and testified, that he was the mayor of the town of Alexander City; that he travelled over the streets on which the plaintiff was alleged to have been injured every day, and that there never had been a ditch or gulley there. The plaintiff then asked this witness the following question: "Do you remember about Dr. C. H. Maxwell being thrown from his buggy several days after the plaintiff had the accident, at the same place?" The defendant objected to this question, the court sustained the objection, and the plaintiff duly excepted.

R. W. Thompson was introduced as a witness for the plaintiff and was asked by the plaintiff if he was in Alexander City about the 1st of April, 1900, and upon answering that he was, the plaintiff then asked him, what condition was the street in at the place the plaintiff's testimony tended to show he was injured? The witness replied that it was in good condition except that in one place there was a hole in it. The defendant objected to this question and answer, and moved the court to exclude the answer from the jury. The court sustained the objection and motion and excluded the answer, and to this ruling the plaintiff duly excepted.

In his argument to the jury the plaintiff's attorney made the following statement: "Doubtless, gentlemen you know that you can not get in trouble any quicker than to go to a little town like Alexander City and say something against the condition of the town to some of the city officials?" Upon defendant's objection to these statements by plaintiff's attorney, and its motion to exclude the same, the court excluded such statements; and to this ruling the plaintiff duly excepted.

The plaintiff requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "I charge you that you must find for the plaintiff

unless you believe from the evidence that plaintiff was guilty of constributory negligence, contributing prox-imately to the cause of the injury complained of." (2.) "I charge you that if you believe the evidence in this cause you must find for the plaintiff." (3.) "I charge you that you must find for the plaintiff unless you be-lieve from the evidence that plaintiff was driving at a negligent rate of speed." (4.) "I charge you that unless you believe from the evidence that plaintiff was driv-ing at a high or dangerous rate of speed which contrib-uted proximately to the cause of the accident, you must find for the plaintiff." (5.) "I charge you that under the evidence of this case the defendant was charged with notice of the condition of the streets at the time of the accident."

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were re-served.

D. H. RIDDLE, for appellant, cited *Albritton v. Mayor*, 60 Ala. 486; *Selma v. Perkins*, 68 Ala. 145; *May-or, etc. v. Starr*, 112 Ala. 98; 15 Amer. & Eng. Ency. of Law, 420.

H. J. GILLAM, *contra*.

TYSON, J.—Under the issues made by the pleading the burden of proof was on the plaintiff to not only prove the defect in the street as alleged in his com-plaint, but also to establish that the defendant had either actual or constructive notice of it at the time of the injury complained of.—*City Council v. Wright*, 72 Ala. 411; *Town of Cullman v. McMinn*, 109 Ala. 614. The evidence was in conflict as to whether there was any defect at all in the street where the plaintiff was injured. There is no evidence in the record that the defendant had prior to the accident any actual knowl-edge of the existence of the defect if it, in fact, existed. And clearly the evidence is not of such character as

14c

would have authorized the court as matter of law, to have presumed that the defendant had constructive notice of it. Charge 5, requested by plaintiff was, therefore, properly refused. The other written charges refused to plaintiff are not insisted upon. But if they were, there was palpably no error in their refusal.

There was no error in sustaining the objection to the question propounded to Dr. Coley. If the purpose of the question was to show that Dr. Maxwell was thrown from his buggy by reason of the defect in the street of which the plaintiff complains, the objection was properly sustained under the principle declared in *Mayor and Aldermen v. Starr*, 112 Ala. 98.

So likewise there was no error in excluding the testimony of Thompson as to the condition of the street some days subsequent to the date that the plaintiff was hurt, in the absence of all proof that such condition has remained unchanged since, at or prior to the date of the injury.—*Birmingham Union R. Co. v. Alexander*, 93 Ala. 133.

The comment of counsel for plaintiff in argument, excluded by the court upon objection, was upon a fact which was not in evidence and which was not and could not be legally competent and admissible as evidence.—*McAdory v. The State*, 67 Ala. 154; *Wolffe v. Minnis*, 74 Ala. 386; *E. T. V. & G. R. Co. v. Bayliss*, 75 Ala. 466; *L. & N. R. R. Co. v. Orr*, 91 Ala. 549.

Affirmed.