# Alabama Great Southern Ry. Co. v. Yount.

### *Injury to Servant.*

(Decided Feb. 10, 1910. 51 South. 737.)

1. *Master and Servant; Injury to Servant; Defective Appliances.*—Where the action is by a servant for injuries on account of a defective appliance, the servant has the burden of showing that the defect arose from or had not been discovered or remedied on account of the negligence of the master, or of some person for whom he is responsible.

2. *Same; Jury Question.*—Whether a defect had existed for such a length of time as to render the master liable for a failure to remedy it, or to discover it, is one for the jury, where it appeared from the evidence that the notches on a quadrant on defendant's engine was worn from use.

3. *Same; Evidence.*—Where the engineer sued for injuries received from the flying out of a lever alleged to have resulted from a defective condition of the quadrant, it was competent to show that six or ten days after the accident and while operating the same engine, the lever flew out, as showing the defective condition of the quadrant.

[Alabama Great Southern Ry. Co. v. Yount.]

4. *Same; Knowledge of Defect.*—It not appearing that it was the duty of the servant to report to the master the action of the engine in respect to the lever when operated by him, testimony as to his failure to report the same to the master was inadmissible.

5. *Same; Instruction.*—A charge denying the right to find from the evidence that the defendant or some person for whose fault the defendant was responsible within the Employers' Liability Act was negligent in remedying the defect if it was discovred, was properly refused.

6. *Same; Reasonable Belief in Fitness of Appliance.*—A charge which asserts that if the master has competent and careful servants in charge of the repairs of machinery, and that such servants as competent and careful men reasonably believed that the machinery and appliances are safe and fit, then no negligence can be imputed to the master, is properly refused, since reasonable and honest belief is not a factor in the ascertainment vel non of the negligence.

7. *Charge of Court; Invading Province of Jury*—Charges asserting that there is or is not any evidence of a certain fact, are properly refused as invading the province of the jury.

8. *Witnesses; Bias.*—It is competent to show that a witness who had testified for defendant told a witness who had testified for plaintiff that the latter's testimony would cost him five years as tending to show bias or interest.

9. *Same; Examination; Speculative Answer.*—It is proper to disallow a question which calls for a purely speculative answer.

10. *Same; Responsiveness.*—An answer which is not responsive to the question propounded, is properly excluded.

11. *Appeal and Error; Harmless Error; Evidence.*—It is not error to exclude evidence which has been substantially given at another time without objection, or where the witness was later permitted to testify to the fact then sought to be elicited.

12. *Trial; Exclusion of Evidence; Necessity for Objection.*—It is not error to exclude on motion evidence improperly admitted, although no objection was raised to the question which elicited the evidence.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by J. B. Yount against the Alabama Great Southern Railroad Company for damages for personal injury. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts sufficiently appear in the opinion of the court. Assignments of error 6, 7, 8, 9, and 10 relate to objections sustained by the court to questions propounded by appellant to its witness P. I. Morgan, and

[Alabama Great Southern Ry. Co. v. Yount.]

contained in the assignment, as follows: (6) "Now, I will ask you whether or not these notches here on the quadrant were much worn anywhere on that quadrant." (7) "I will ask you whether or not, in your opinion, that quadrant and that latch were in good safe condition." (8) "I will ask you whether or not that quadrant and that latch are in good condition." (9) "I will ask you what condition you found the quadrant and latch in on that occasion." The witness answered, "In first-class condition," and the court ruled out the answer. (10) "State to the jury whether you found it in the same condition as it is now." The witness answered, "Yes, sir" and the court ruled out the answer. Assignments 11 and 12 relate to objections sustained to questions propounded by appellant to his witness Fleming, and were similar to assignments 9 and 10. Assignment 13 relates to a question and answer by the same witness, as follows: "I will ask you whether or not it is frequently the case that the lever will get away from an engineer, or will jump out of the notch in running an engine." Answer: "In my personal experience, I have had a good many to get away from me." 14 and 15 are questions to the same witness, and are as follows: (14) "I will ask you whether or not, when a lever jumps out or flies out, is it the fault of the engine or the engineer who is running it." (15) "I will ask you whether or not, under ordinary conditions, when an engine is in good condition and running on the road, and the lever flies out, is it the fault of the engineer who is running the engine." (16) "I will ask you whether or not it is dangerous for an engineer to sit with his feet on the quadrant in front of a reversed lever." (20) Appellant objected to the following question, propounded to appellant's witness Fleming by the appellee: "Mr. Fleming, yesterday did you tell Mr. Hammond that his testimony on the stand would cost him five years?"

The following charges were refused to the defendant : (9) "By the terms of the issues involved in this case, which are to be passed upon by the jury, it is not shown that the defendant had any knowledge of any deficiency in the engine, and the question is confined to the inquiry as to whether or not the defendant was negligent in not using the proper diligence and respect thereto, and that for the want of diligence, or by reason of such diligence, they were not informed of the defects in the engine, if any there was. The question involved is one of diligence, or not, and the defendant can be charged with it only on the ground that it was his own negligence or want of diligence, and such must appear, in order to hold the defendant in this case, and the burden of proof is on the plaintiff to show such proper want of diligence." (11) "If the jury believe from the evidence that the defendant, through its servants or agents who had charge of the repairs on engine 198, were careful and competent men, and that these competent and careful men reasonably believed that said engine was safe and fit for running with safety and security upon defendant's road in defendant's business, and it was allowed to so run, and that after that the accident and injury occurred, without any knowledge to the defendant or to the men, competent and careful, who had charge of the repairs on said engine, by reason of some defect in the engine, or the neglect of some mechanic of the company, the defendant cannot be held responsible for the injury to the plaintiff."

A. G .& E. D. SMITH, for appellant.—The court erred in refusing to rule out the evidence of the witness Holland. Failing to do this, the court should have permitted the question to the witness if the engine was in such condition that the witness thought it unnecessary

to be repaired. Counsel discuss other assignments of error as to evidence and conclude that the court erred therein for the reason that if an employe knowingly selects a dangerous way to do his work when a safer one is apparent to him he cannot recover for injury.— *R. R. Co. v. Holborn*, 84 Ala. 137; *M. & C. v. Graham*, 94 Ala. 545; *M. & O. v. George*, 94 Ala. 199; *Walters' Case*, 91 Ala. 435; *Davis' Case*, 18 South. 37. No custom of an employe to do a dangerous thing can make the act itself any less dangerous.—*Andrews v. Bir. Min.*, 99 Ala. 438. Nor can inadvertence or forgetfulness excuse the employe.—100 Ala. 493; Id. 506; Id. 660. The defendant was entitled to the affirmative charge for a failure of the plaintiff to show the affirmative matter alleged in his complaint.—*L. & N. v. Davis*, 91 Ala. 478; *Seaboard Mfg. Co. v. Woodson*, 94 Ala. 143; *Mary Lee Co. v. Chambless*, 97 Ala. 171; *Tuck v. L. & N.*, 98 Ala. 150. Even if the defendant knew of the defect, it must have a reasonable time to remedy it, and the burden of proof is on the defendant.—*Conrad v. Gray*, 109 Ala. 130; *Seaboard Mfg. Co. v. Woodson, supra*; s. c. 98 Ala. 378. On these authorities counsel insist that the other charges requested should have been given.

FRANK S. WHITE & SONS, for appellee.—Proof of the condition of the machinery recently after the injury is admissible.—*L. & N. v. Wilson*, 50 South. 188. The court will not be put in error for refusing to sustain a general motion to exclude.—*King v. Franklin*, 132 Ala. 559; *R. R. Co. v. Darby*, 119 Ala. ___. The court did not err in sustaining objection to the question propounded to the witness Hammond if the engine was in such condition that he thought it need not be reported.—*W. U. T. Co. v. Merrill*, 144 Ala. 619; *Bir. R. & E. Co. v. Franscomb*, 124 Ala. 621. The answer would have been

a statement of the mental operation of the witness.—
*A. G. S. v. Burgess*, 114 Ala. 597; *Ala. S. & W. Co. v.
Wrenn*, 136 Ala. 490.   Where one gets the benefit of
testimony, it is not error to overrule questions seeking
to elicit the same thing.—*Decatur C. W. Co. v. Mehaffey*,
128 Ala. 242; *Ala. Co. v. Jones*, 114 Ala. 519.   The rele-
vant evidence may be excluded on the motion of either
party at any time before the jury retires.—*Jarvis' Case*,
138 Ala. 17.   Irresponsive answers may be properly ex-
cluded.—*Decatur C. W. Co. v. Mehaffey, supra*.   The
quadrant and latch were exhibited to the jury, and they
were well qualified to say whether it was in good condi-
tion as the witness.—*L. & N. v. Tegner*, 125 Ala. 393;
*Eureka Co. v. Bass*, 81 Ala. 200.   Counsel discuss other
assignments of error relative to the evidence, but with-
out citation of authority.   The defendant was not en-
titled to the affirmative charge.—1 Labatt, 132; 4
Thomp. on Neg., Sec. 3794, and 3792; *A. G. S. v. Bailey*,
112 Ala. 167; *Bir. R. M. Co. v. Rockhold*, 143 Ala. 115.
Counsel discuss other assignments of error relative to
charges refused, but cite no authority.

McCLELLAN, J.—The case went to the jury on the
third count, alone, and on pleas 1, 2, and 3 as amended.
This count declared on negligence in respect to the way,
works, machinery, etc., in the usual form, the particu-
lar aspect being that the notches in the quadrant, de-
signed to hold the latch in place, were worn.   The in-
juring agency, and that without dispute, was the flying
out of the reverse lever of a locomotive, crushing, etc.,
plaintiff's foot, he being then the engineer in control of
the engine.   The reverse lever controls the forward or
backward motion of the engine.   It works in practically
a semicircle over what is called, mechanically, a quad-
rant.   The retention of this lever at a given point on the

quadrant is effected by means of a latch," which is pressed by a spring against the quadrant and into notches therein.

Pleas 2 and 3 as amended set up this as contributory negligence of the plaintiff: That he negligently placed his foot in such position as to be in the way of injury by the flying out of the reverse lever. Again, in the latter plea, that he negligently operated the .engine in this: Improperly fastened the "latch" in the quadrant, or negligently ran the engine with dry (unoiled) valves. All of the errors assigned and argued here relate to rulings in respect to evidence and to special instructions refused to defendant (appellant).

. On this record, it is clear that defect vel non, as described in count 3, was a jury question. It is likewise clear that contributory negligence vel non, as charged in pleas 2 and 3. as amended, were matters for the jury's decision. There were tendencies in the evidence to support the respective averments of the pleadings in the particulars just stated.

Appellant insists that the affirmative charges—that concluding generally and that directed to a finding on the third count—requested for it, should have been given. The chief and only debatable ground for this insistence is that there was no evidence tending to support the essential averment, to sustain which, the plaintiff, in such actions as this, always has the burden, that the defect described arose from, or had not been discovered or remedied, owing to the negligence of the master or of some person for whose derelictions the master is responsible. There was evidence from which it might have been inferred that the notches on the quadrant were "worn" from use. There was, of course, foundation in the evidence justifying a contrary inference, as well as tending to show that no defective conditions ex-

isted at all. Given the first stated inference, it was, in consequence, likewise open to the jury to find that the alleged defect, produced by wearing from use, had existed for such time as the failure to discern it, as might have been done by reasonably diligent care and inspection, constituted such want of care, in the premises, as the statute prescribes. This court ruled, upon a like matter, in *Birmingham Rolling Mill Co. v. Rockhold,* 143 Ala. 115, 42 South. 96, and held that the question was for the jury. The affirmative charges mentioned were properly refused.

Another feature of the argument for appellant, applicable to several of the errors assigned, in respect of rulings in excluding evidence, may be here considered. A number of questions, propounded by defendant, to witnesses on their examination were not objected to by plaintiff. After the questions were answered, motion was made, and sustained by the court, to exclude the answers from the jury's consideration. It is insisted that the court erred in these particulars because plaintiff did not object to the question, but permitted it to be answered, thereby evincing a speculation, whether favorable or unfavorable, on the answer of the witness. The rule invoked for appellant has no field of operation where the court, on motion whenever made, excludes evidence previously improperly admitted. The rule's purpose is directed against one who is asserting error because of a failure of the court to exclude evidence given in response to a question to which appellant had not seasonably objected. The inquiry here then, is whether the evidence excluded on plaintiff's motion was inadmissible, and, if so, no errors, in that regard, to appellant's prejudice were committed.

The first assignment assails the action of the court in refusing to exclude the testimony of Hammond,

plaintiff's witness, wherein he testified that he operated engine 198 about July 16, 1907, the date of the injury here complained of, and that the reverse lever flew out on one occasion when he was operating the engine. On the cross, he said that the flying out of the lever, referred to by him, was 'about 6 or 10 days after the accident in which plaintiff was injured." We think this matter was properly retained for the jury's consideration.— Jones on Evidence (2d Ed.) §§ 139, 156, 167, and notes. Its immediate tendency, though of course its probative force was for the jury to determine, was to show the alleged condition of the quadrant. The similarity between the described action of the lever when Hammond, within 6 or 10 days, was operating the engine, and its action when plaintiff was injured thereby, was a circumstance tending, if credited, to show the defective condition of the quadrant on the latterly mentioned occasion. Whether like conditions, in respect of load on the locomotive, or oil in the valves, or the general operation of the locomotive, prevailed when each man was operating the engine was matter for the cross-examination to develop. In this connection counsel insist that if this evidence of Hammond was properly retained in the case, then the testimony of J. M. McCarty, defendant's witness, wherein he was, on objection of plaintiff, not allowed to answer this question propounded by defendant : "Did you have any trouble with the quadrant latch?" If it is assumed that like reason to that rendering proper the overruling of defendant's motion to exclude Hammond's testimony, as stated before, required the allowance of the question to McCarty, just quoted, the bill, by recital, takes the point out of the assignment based on the disallowance of the question. The recital is: "The witness subsequently testified that during the time he worked on engine 198 the lever did not

fly out with him." The time he ran the engine was "in July, or the first of August," 1907.

The questions propounded, on the cross, by defendant to Hammond, were properly disallowed. No ground of the objections thereto appear to have been stated by plaintiff. One of the questions was based on an unfounded assumption of what the witness had already testified. The other questions sought to elicit evidence in reference to his failure to report the action of the engine, in respect to the lever, when operated by him. There was then no evidence in the case that such was his duty, even if his conclusions in the premises were admissible for any purpose.

Assignments 6, 7, 8, 9, and 10 relate to rulings disallowing questions propounded by defendant to its witness Morgan. What purported to be, according to defendant's evidence, the quadrant described in the count was before the jury. The essence of the jury's duty was to decide whether it was in a defective condition when plaintiff was injured. It was the effort to show by Morgan, an expert, that this quadrant was in "good condition," that its notches were "not much worn," that it was, on the trial, in a "good, safe condition," that it was, on the occasion, in "first-class condition." Morgan, having testified to facts tending to show that the quadrant was as it was when plaintiff was injured, further said "that he tested the quadrant and the latch to see if they were case hardened and if they had the right radius, and to see if they were in good condition; that he found by the test that they were properly case hardened, had the right radius," etc. A careful reading of the entire testimony of this witness discloses the fact that the matters complained of in these assignments were without prejudice to defendant because fully covered by testimony of the witness admitted in evidence.

The rulings assailed in assignments 11 and 12 were innocuous. The matter excluded was covered by other testimony of the witness.

The answer of the witness Fleming, quoted in assignment 13, was not responsive to the question, and was well excluded, because illegal.

The question to the witness Fleming, set out in assignments 14 and 15, obviously invited a purely speculative answer. Besides, the witness, testifying as expert, stated the conditions and causes productive of the flying out of a reverse lever on a running engine.

Whether to place the feet in front of the lever on the quadrant is a dangerous thing for an engineer to do was a conclusion, and the question to that end (assignment 16) was well disallowed. That was a matter within the issues on plea 2, and it was for the jury to determine whether the act indicated was dangerous. Whether so or not was not within the legitimate field of expert opinion in the case.

Assignment 17 is similar to assignments 6 to 10, and is, like them, without merit.

The question quoted in assignment 20 was properly allowed, on the theory that the alleged declarations of the witness Fleming to Hammond tended to show Fleming's bias or interest in the cause.

Charge 9 denied the right to find from the evidence that the defendant, or some person for whose omission in that regard the defendant was responsible within the liability act (Code 1907, § 3910), was negligent in respect of remedying the defect if it was discovered. Furthermore, the charge is .not clear. Again, it is by no means certain that the charge does not exclude the idea that negligence intervened in the failure to discover the defective condition described in the count. In addition, the charge might have misled the jury to believe

that the defendant, itself and alone, could be negligent in the premises, whereas it may be, of course, responsible for the derelictions of those charged with duties, in the premises, by defendant.

Charge 11 was bad, and was well refused. Besides being involved, it would avoid the imputation of negligence by reasonable belief of careful, prudent servants, so engaged, of the fitness, etc., of the engine for service. Reasonable or honest belief is not a factor in the ascertainment vel non of negligence.—*L. & N. R. R. Co. v. Young,* 153 Ala. 232, 237, 45 South. 238, 16 L. R. A. (N. S.) 301. It can never be error, this court has held, to refuse a charge declaring there is no evidence of a fact stated in the instruction.—*Tutwiler v. Burns,* 160 Ala. 386, 49 South. 455, 458.

Every assignment urged in argument has been considered. No error appears. The judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON, ANDERSON, MAYFIELD, and SAYRE, JJ., concur.