## Southern Railway Co. *v.* Lefan.

### Injury to Servant.

(Decided June 30, 1915.   Rehearing denied December 2, 1915.
70 South. 249.)

1. **Master and Servant; Injury to Servant; Similar Accidents.**—Where the action was for injury to a servant alleged to have been caused by a switch flying around as a car passed over it, evidence that about a month before the accident, a witness observed that the same switch flew around as an engine passed over it, was properly admitted.

2. **Same.**—To allow proof of an occurrence similar to that claimed to have caused an injury, it must first be shown that conditions were substantially the same, but it is not necessary that there be direct proof of a similarity, and the occasions may be so near together in point of time as to afford a presumption that they were similar, or the similarity may be shown by the circumstances.

3. **Trial; Reception of Evidence; Preliminary Proof.**—While evidence may be prima facie incompetent at the time of the admission because of the failure to prove some fact necessary to its competency yet such incompetency may be removed by evidence subsequently introduced.

4. **Master and Servant; Injury; Defective Appliance; Subsequent Use.**—Where the action was for injuries alleged to have been caused by the defective condition of a switch and the track at the switch, the exclusion of evidence as to the continued use of the switch and switch track subsequent to the accident, and that the switch had not been repaired, was not erroneous where there was no evidence or offer to produce evidence to show that such use was not attended with other results than those consistent with a normal non-defective mechanism or agency, or that the switch afforded normal service during such use.

(Mayfield, J., dissents in part.)

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Action by W. O. Lefan against the Southern Railway Company, for damages for injuries received while in its employment. Judgment for plaintiff, and defendant appeals. Affirmed.

ALMON, ANDREWS & PEACH, and STOKELY, SCRIVNER & DOMINICK, for appellant. KIRK, CARMICHAEL & RATHER, for appellee.

MAYFIELD, J.—This action is by a servant against the master, to recover damages for personal injuries. The plaintiff

was night switchman of the defendant railroad company. His place of work was in the railroad yards of the defendant company, at Sheffield, Ala. His duties were to aid in making up trains, and in switching and moving the cars about the yards.

On the night of the injury plaintiff was engaged in conveying cars from the upper parts of the yards down to the lower part known as the Hattie Furnace. It appears that there are numerous side tracks in these yards, leading off from the main track. These side tracks are connected to the main line by means of switches which, when turned properly, cause the cars traveling on the tracks to take the side tracks, or the main line, according to the setting of the switches.

The particular side track on or at which the accident happened is called the "Old Lady Track" or the "Lady Ensley Track." On the occasion in question, this particular track was used as a storage track for cars. It was the duty of plaintiff to line up the switches, so that the cars would take the proper track. On the occasion of his injury he was to line up the cars so that they would stay on the main track and not take the side track; and he says he so set the switches to that end. The plaintiff's position on the cars, when they were moving, was a standing position on the beam of the front car. He claims that after he had properly set the switches at the "Old Lady Track," and as the front car was passing over the switch or junction of the two tracks, the switch "threw around," that "something got the matter with it," and the moving car on which he was riding, instead of going along down the main line, turned off on the "Old Lady Track," and collided with stationary cars on this side line; and that plaintiff was caught between two of the cars and injured, having one of his legs mashed off.

The case was tried on two counts, both being under the first subdivision of the Employers' Liability Act (Act April 22, 1908, c. 149, § 1, 35 Stat. 65 [U. S. Comp. St. 1913, § 8657]). One count declared as for a defective switch; the other, as for a defective track near the switch. The case was tried on pleas of the general issue, and contributory negligence. The defendant contended that neither the switch nor the track was defective; but that the injury was proximately caused by the contributory negligence of the plaintiff, in failing to properly line up the switch in question.

(1, 2) On the trial the plaintiff proved by one W. L. Coffman that about a month before the accident he was riding on an engine in the yards in question, and that in passing over the switch in question he observed that it flew around, as the plaintiff testified it did on the occasion of the injury. The defendant objected to the questions calling for this testimony, and moved to exclude them, after the witness had answered, assigning a number of grounds. One particular ground was, that it was not shown nor attempted to be shown that the track or switch was in the same condition, when the witness observed it, that it was in when the plaintiff was injured. The court overruled the objections and motions to exclude, and the defendant excepted, here insisting that this action was error to reverse.

If the track and switch were in the same condition, or practically so, on the two occasions in question, then the testimony of Coffman was admissible, otherwise it was not admissible. This seems to be the accepted rule in such cases. To allow such proof, it must first be shown that the conditions were substantially the same on the two occasions. It is not necessary that there be direct proof of the similarity of conditions. The occasions may be so near together as to afford the presumption that the conditions must be made to appear before the evidence in question is admissible. This is a reasonable rule, for without it there would be no end to such evidence.

In the case of *Birmingham Union Railway Co. v. Alexander,* 93 Ala. 133, 9 South. 525, such evidence as to condition of tracks subsequent to injury was held admissible. In that case there was evidence to show similarity of conditions on the different occasions. That case was modified, however, in the later case of *Birmingham v. Starr,* 112 Ala. 98, 20 South. 424. In that case the question was as to the defective condition of a street or sidewalk, and the court said: "The fact that other people may at different times have stumbled or fallen at the same place, was not competent to show either the character of the defect at the time plaintiff fell, or that she did not exercise ordinary care, or that such other persons had notice of the defect, or what care they used to avoid injury. It was a collateral inquiry and, not involving knowledge or intent, does not come within the exception as to collateral facts. The evidence of the witness Murray was especially objectionable in that there was no evidence as

[Southern Railway Co. v. Lefan.]

to how long before the plaintiff was injured the facts occurred, nor whether the sidewalk was in the same condition.—1 Greenl. Ev. §§ 52, 448; *Collins v. Dorchester*, 6 Cush. (Mass.) 397. If there is anything in the case of *Birmingham Railway v. Alexander*, 93 Ala. 133 [9 South. 525], which expresses a contrary rule, it must be modified as herein declared."

(3) This last case has been followed in two later cases, where the correct rule is stated. The decision of the court in both cases is well stated in the headnotes thereto as follows: "In a suit against a railroad company for damages for an injury caused by a train of the company at a point where the railroad crossed the public road, it was competent to prove, as tending to show that an unsafe condition of the crossing existed at the time of the accident, that the same condition had caused other accidents or difficulty; and for that purpose the experience of a witness with the same conditions at the crossing about three weeks before the accident in question was admissible in evidence.

"The prima facie incompetency of evidence at the time of its admission because of the failure to prove some fact necessary to its competency, may be removed by a subsequent examination of the witness touching the fact in question."—*Southern Railway Co. v. Posey,* 124 Ala. 486 (headnotes 2 and 3), 26 South. 914.

"In an action against a municipal corporation to recover damages for personal injuries alleged to have been caused by a defect in the streets of the defendant, evidence that several days after the accident complained of, another person fell at the same place, is inadmissible and incompetent, in the absence of testimony showing the similarity of the condition of the defect at the subsequent date and at time of the injury complained of by plaintiff.

"In such an action, testimony as to the condition of the street some days subsequent to the date that the plaintiff was hurt, is inadmissible in the absence of all proof that such condition remained unchanged after the date of the injury."—*Davis v. Alexander City*, 137 Ala. 206 (headnotes 2 and 3), 33 South. 863.

The correct rule is also well stated in a quotation in the case of *Foley v. Pioneer Co.*, 144 Ala. 183, 40 South. 273, as follows: "Evidence of conditions before and after the accident may be received where it is also shown that the conditions testified to

[Southern Railway Co. v. Lefan.]

remained unchanged down to the occurrence of the injuries or the time to which the evidence relates; * * * so evidence is admissible of conditions existing so short a time before or after the accident as, under the circumstances, to warrant an inference of fact that the same conditions existed when the injuries were received."—21 A. & Eng. Ency. Law (2d Ed.) 517 and 518.

In the case at bar the evidence was in conflict as to the conditions remaining the same, or being similar, from the time the witness observed the defects up to the time of the accident. We are therefore of the opinion that the trial court did not err in allowing the plaintiff to prove by the witness, Coffman, that he observed defects in the switch or track about a month before the accident.

There was, for like reasons, error in declining to allow the defendant to prove the condition of the track and switch subsequent to the accident, and that they were both used with perfect safety before and after the accident—it being shown, or the evidence tending to show, that the conditions were the same at the time of the accident, as afterwards, and that the track and switch had been subsequently used, continuously, and without similar accidents.

In the case of *Birmingham Union Railway Co. v. Alexander*, 93 Ala. 133 ,138, 9 South. 525, 526, this court announced the rules of evidence applicable to the questions involved on this appeal. It is there said: "The alleged faulty condition of the defendant's track at the time and place of the accident was made the basis of the charge of negligence. Several witnesses for the plaintiff were permitted to testify as to the condition of the track in reference to the space within and outside of it not conforming to the grade of the street, to the absence of stringers along the rails, and to the rails projecting more than an inch and a quarter above the surface of the track. The defendant excepted to the admission of this testimony, on the ground that the measurements to which the witnesses testified were not made at the time of the accident, but from one to five months thereafter, as variously stated by the several witnesses. There was evidence tending to show that the track was in the same condition at the time the measurements were made as it was at the time of the accident. It would often be impossible for one

who has been injured on a railroad track to obtain direct evidence of its condition at the exact time the casualty occurred. But evidence of its condition at a later period, coupled with proof that such condition has remained unchanged since at or prior to the date of the injury, would constitute data from which to form a conclusion as to the condition of the track at the time in question. There is no rule of law requiring the exclusion of proof of facts constituting links in a chain of evidence leading directly to the matter in dispute. There was no error in admitting the statements above referred to.—*Stober v. St. Louis, I. M. & S. R. Co.* [91 Mo. 509, 4 S. W. 389]; *Little Rock & F. S. R. Co. v. Eubanks* [48 Ark. 460, 3 S. W. 808, 3 Am. St. Rep. 245].

"The gravamen of the charge against the defendant was its alleged neglect of the duty to keep its track, at the point where the accident occurred, in such condition as to permit the free and unobstructed passage of vehicles over it. As tending to show performance of its duty in this regard, the defendant undertook to prove that other vehicles did constantly pass over the track at that point and about that time without difficulty or hindrance. * * * In an action for damages resulting from the negligence of a railroad company in obstructing a highway crossing, it has been held that proof of the fact that other persons were unable to cross, and of the efforts they made to do so, was competent for the purpose of showing the obstructed and unsafe condition of the highway.—*Phelps v. Winona & St. Peter R. Co.* [37 Minn. 485, 35 N. W. 273, 5 Am. St. Rep. 867]. It would, therefore, have been competent for the plaintiff to prove that other similar casualties had happened at that crossing, as tending to show a defective condition of the track. On like considerations the defendant should be allowed the benefit of proof that the track as it was at the time was constantly crossed by other persons under similar conditions, without inconvenience, hindrance or peril, as evidence tending to show the absence of the alleged defect, or that it was not the cause to which the injury complained of should be imputed. The negative proof in the one case, equally with the affirmative proof in the other, serves to furnish the means of applying to the matter the practical test of common experience. A knowledge of the experience of others who were, in like manner with the plaintiff, brought into

contact with the alleged defective structure, may enable the jury to weigh all the evidence before them in the light of the rule that like causes operating under like conditions produce like results. If the question is looked at from the standpoint of common sense, it is plain that one seeking to reach a satisfactory conclusion as to whether or not the defect existed or caused the injury would not reject the aid furnished by the fact that other vehicles were constantly passing over the track at that point without any observable hindrance. The court erred in excluding the evidence upon this subject."

In the case of *Birmingham Railway, Light & Power Company v. Friedman*, 187 Ala. 562, 569, 65 South. 939, 941, it was pointed out that the authorities on this subject are in conflict, and it was said: "When a case is presented which requires a direct ruling upon the admissibility of such testimony as original evidence, with the view to the announcement of a general rule, the following of our decisions will need to be considered, and, perhaps, an effort at a classification, if not reconciliation, of them will be found necessary.—*E. T. R. R. Co. v. Thompson*, 94 Ala. 636, 10 South. 280; *A. G. S. R. R. Co. v. Arnold*, 84 Ala. 159, 171, 172, 4 South. 359, 5 Am. St. Rep. 354; *L. & N. R. R. Co. v. Hall*, 87 Ala. 708, 722, 66 South. 277, 4 L. R. A. 710, 13 Am. St. Rep. 84; *Birmingham Ry. Co. v. Alexander*, 93 Ala. 133, 9 South. 525; *Mayor, etc., v. Starr*, 112 Ala. 98, 107, 20 South. 424; *Schlaff v. L. & N. R. R. Co.*, 100 Ala. 377, 388, 14 South. 105 (a case in which averment had a controlling effect upon the ruling there made); *Mobile R. R. Co. v. Walsh*, 146 Ala. 295, 305, 306, 40 South. 560; *Davis v. Alexander City*, 137 Ala. 206, 210, 33 South. 863; *A. G. S. R. R. Co. v. Yount*, 165 Ala. 537, 545, 51 South. 737."

In *Thompson's Case* the question was as to a defective supply pipe to a water tank, and the court said: "If the supply pipe to the tank had been for a number of years in the same relative position in which it was at the time plaintiff's intestate was killed, and freight trains had passed the pipe each day and night during that period, and no brakeman or other person had been previously injured, these are facts proper to be considered by the jury on the inquiry of negligence on the part of defendant, or of contributory negligence on the part of deceased."—*Railroad Co. v. Thompson*, 94 Ala. 636, 639, 10 South. 280; *Railroad*

*Co. v. Hall,* 87 Ala. 708, 6 South. 277, 4 L. R. A. 710, 13 Am. St. Rep. 84; *Railroad Co. v. Arnold,* 84 Ala. 159, 4 South. 359, 5 Am. St. Rep. 354.

In *Walsh's Case,* 146 Ala. 295, 40 South. 560, as well as in others, it has been held that evidence as to defects at places in a railroad track or roadbed, other than the place in, or part of the track, or locus in quo being inquired about, is not prima facie admissible as independent evidence. In *Walsh's Case* it was said: "Objections to the several questions propounded by defendant to its roadmaster, for the purpose of showing that there was at the time, and had been for a long time, a great number of other places in the streets of the city, over which its track ran, where there was just as great depressions, and even lower than the one where the accident to plaintiff occurred; that those conditions had existed for a number of years, and that passengers, male and female, in great numbers, were constantly in the habit of getting off the cars at such places without injury or difficulty, were properly sustained. The object sought by the questions was to show that the place at which plaintiff was hurt was not dangerous. To permit this character of testimony to be introduced would inject into the case an interminable number of issues upon purely collateral matters and perhaps divert the minds of the jurors from the main issues."

In *Yount's Case,* 165 Ala. 537, 51 South. 737, the question was as to whether or not a quadrant, which held a reverse lever, was defective; and the engineer was allowed to tsetify that the reverse flew out six or ten days after the accident in question.

(4) The defendant recalled the witness, S. J. Kirkland, to prove that the switch in question, and the track at and near it, were not defective or out of repair as claimed by the plaintiff and his witness; and the bill of exceptions as to this testimony, contains, among others, the following recitals: "I live about a quarter of a mile from the place of the accident where plaintiff was injured, and got there about 40 or 50 minutes after the accident. I remained there until this was done. After the cars were taken off this switch and the track cleared I examined the switch and threw it back and forth in order to see whether it was in order and found it was all right and in safe condition, and there was no trouble at all with this switch the next day. I have had charge of that switch and the switch track from the

time of the accident when the plaintiff was injured up to the ·
present time."

The defendant's counsel asked the witness this question:
"Mr. Kirkland, is that switch down here at Davis' corner that
you were looking at this morning the same make?"

Plaintiff's counsel objected to the question, and the court in-
terrogated the witness, who testified as follows: "I am foreman
of the roadway department; held that position when the acci-
dent occurred and ever since that time. I had charge of the
switch in controversy at the time of the accident, and have had
charge of it since that time. There has been work done on that
switch and track close to that switch since the accident. A new
set of switch ties has been added to that switch since then and
the switch stand properly spiked to the ties at the time they
were put in. This was done about 18 months after the accident.
There has been no other change made in this track or switch
either until 18 months after plaintiff was injured. The same
switch is there now that was there then. The switch at Davis'
corner is identically the same switch as the other one we are
talking about."

Defendant then asked the witness the following question:
"State whether or not since that time that switch has been con-
tinuously used by the defendant?"

. Plaintiff objected to this question because illegal, irrelevant,
and immaterial, the court sustained the objection, and to the
court's action the defendant duly excepted.

The defendant then offered to prove by this witness that this.
switch and switch track at the place of the accident where the·
plaintiff was injured had been used continuously since that time,.
by the defendant. Plaintiff objected to this proof being made,
on the ground that it was irrelevant, illegal, immaterial, and
incompetent, and the objection was sustained by the court. De-
fendant duly excepted.

Defendant then asked the witness the .following question:
"State whether or not any repairs have been made on the switch.
itself since the accident when plaintiff was hurt?"

Plaintiff objected to this question because illegal, irrelevant,.
and immaterial, the court sustaining the objection, and defend-
ant duly excepted to the action of the court.

The defendant then offered to prove by this witness that this
particular switch had been used continuously by the defendant

since the time of the accident when plaintiff was injured, without any repairs being made thereon. The plaintiff objected to this evidence on the ground that it was illegal, irrelevant, immaterial, and incompetent, which objection was sustained by the court, the defendant duly excepting.

Defendant then asked the witness the following question: "State whether or not this switch, track, and ties at the switch point known as the Old Lady Switch where the accident occurred when the plaintiff was hurt was continuously used by the defendant for a year or more after this accident before any repairs were made on the same."

Plaintiff objected to the question because illegal, irrelevant, immaterial, and incompetent; and the court sustaining the objection, the defendant duly excepted as before.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, GARDNER, and THOMAS, JJ., hold that the trial court cannot be put in error for the actions set forth in the foregoing quotation from the bill of exceptions. The continuous use of the switch and its related elements, under the same conditions, by the company was not relevant, was not admissible without a coincident offer to show that such use was not attended with other results than those consistent with a nondefective, normal mechanism or agency. The evidence was only conditionally relevant and admissible; the contingency being that the switch and its related elements afforded normal service during the use of the switch, etc., which the defendant did not, in that connection, offer or propose to show.—*Birmingham Ry. Co. v. Barrett,* 179 Ala. 274, 60 South. 262; *Fletcher v. T. C. I. & R. R. Co.,* 163 Ala. 240, 50 South. 996.

The writer is of the opinion that the trial court erred in declining to allow the proof by this witness, that the particular switch in question had been used continuously since the time of the accident in question without any repairs being made. Such proof certainly tended to rebut the plaintiff's proof that this switch was defective, and that it could not be used without danger of flying open or back after being set for the main line or for the side track, as the plaintiff testified it did on the occasion of the injury. It was shown that repairs were made on the switch and track two or three weeks before the injury, and that more repairs were made on the switch thereafter, and that no

[Southern Railway Co. v. Lefan.]

repairs were made on the track thereafter for the period of a year. It was therefore competent for the defendant to show that this switch and track were in constant use between the times of repairing, which covered the time of the injury; certainly so, when the evidence showed or tended to show that the switch and track were both safe and not defective during this period inquired about. This evidence was admissible, without showing that no other accident like the one in question had happened. If the switch and track alleged to be defective were in fact safe before and after the injury, and no change had been made in the interim, this certainly tended to show that they were safe and not defective when the accident in question happened, and therefore to disprove the case alleged. If no such defect existed as that alleged, then the defendant was not liable, whether any similar accident had happened or not.

What was said by the Kansas court in the case of *Field v. Davis,* 27 Kan. 405, 406, is apt here: "The main question involved in the present case is, whether the elevator and the east approach thereto were reasonably safe for teams with loaded wagons to be driven up the approach and into the elevator and unloaded; or in other words, were they such as a reasonably prudent person, exercising reasonable diligence, would consider safe for the purposes for which they were designed? And it seems to us that proof that thousands of teams, with loaded wagons, had for a period of five years been driven up the inclined plane and into the defendant's elevator and unloaded, and the teams driven out again, and that no accident had ever before occurred, would be some evidence that the inclined plane and elevator were reasonably safe for that purpose, and that a reasonably prudent person, exercising ordinary diligence, would consider them safe; and for this reason we think the evidence was competent. If an accident had ever before occurred at that elevator, it would have been an easy matter for the plaintiff to have ascertained the fact, and to have shown it to the jury."

In the case of *Wood v. Third Avenue R. R. Co.,* 13 Misc. Rep. 308, 34 N. Y. Supp. 698, the authorities are reviewed on this subject, and it is said: "In this state it seems to be settled that any mode of construction not absolutely dangerous which has been in operation for a long time, and has uniformly proved adequate and safe, may be continued in use without the imputation

of negligence.—*Ryan v. Manhattan R. R. Co.*, 121 N. Y. 120 [23 N. E. 1131]; *Dougan v. Champlain Trans. Co.*, 56 N. Y. 1; *Loftus v. Union Ferry Co.*, 84 N. Y. 455 [38 Am. Rep. 533]; *Cleveland v. N. J. Steamboat Co.*, 125 N. Y. 299 [26 N. E. 327]. In all these cases the rule seems to have been adopted that if the accident was one which would not reasonably have been anticipated, and which had never happened before, negligence cannot be predicated of the existence of the condition which brought about the injury. The same rule has been adopted in Massachusetts, and by the Court of Exchequer in England."

"In the case of *Ryan v. Manhattan R. R. Co.*, 121 N. Y. 126 [23 N. E. 1131], the plaintiff was hurt by stepping between the car and the platform at an elevated railroad station. Because of a curve in the platform there had been left a space of about eight inches between it and the car step, through which space the plaintiff fell. It appeared that this space had been there ever since the construction of the elevated railroad; that during all that time it had proved to be safe, because thousands of persons had stepped over it without any danger, and that the plaintiff was the only person who ever had been injured by it. The Court of Appeals, reversing a judgment for the plaintiff, held that those facts showed that there was no negligence in permitting such an opening to exist and that the plaintiff should have been nonsuited. * * * Negligence in such a case cannot be inferred from the mere happening of a single accident."

There was no reversible error in the refusal of the defendant's requested charges which are insisted upon. The defendant was not entitled to the affirmative charge on any theory of the case. Many of its refused charges were, in effect, affirmative instructions. Others either were misleading or argumentative, or gave undue prominence to parts only of the evidence, or were fully covered by other written instructions given at the request of the defendant.

The judgment is therefore affirmed.

Affirmed. All the Justices concur, except MAYFIELD, J., who dissents.